FARMER, Judge.
For several years, Broward County has regulated by ordinance the maintenance and cutting of mangroves. In March 1995, it served a notice of violation on petitioner for allegedly trimming the tops of 80 mangrove trees and removing 10 others without a permit from its Department of Natural Resource Protection. That agency scheduled a hearing for April 1995 on the alleged violation, but the hearing was postponed while the parties attempted to settle the matter. As they were discussing settlement, the legislature adopted the Mangrove Trimming and Preservation Act of 1995 [the Act], which became effective June 15, 1995. §§ 403.9321-403.9333, Fla. Stat. (1995).
The following provisions of the Act are directly applicable to the issues this case:
“(1) Sections 403.9321-403.9333 and any lawful regulations adopted by a local government that receives a delegation of the department’s authority to administer and enforce the regulation of mangroves as provided by this section shall be the sole regulations in this state for the trimming and alteration of mangroves on privately or publicly owned lands. All other state and local regulation of mangrove is as provided in subsection (3).
[[Image here]]
“(3) A local government that wants to establish a program for the regulation of mangroves may request delegation from the department at any time. However, all local government regulation of mangrove, except pursuant to a delegation as provided by this section, is abolished 180 days after this section takes effect.
“(4) Within 45 days after receipt of a written request for delegation from a local government, the department shall grant or deny the request in writing. The request is deemed approved if the department fails to respond -within the 45-day time period. In reviewing requests for delegation, the department shall limit its review to whether the request complies with the requirements of subsection (2). The department shall set forth in writing with specificity the reasons for denial of a request for delegation. The department’s determination regarding delegation constitutes final agency action and is subject to review under chapter 120.” [emphasis supplied]
No hearing on the alleged violation was held before the adoption of the Act. Nor, apparently, did Broward County seek to have a hearing during the 180-day “window” period provided by subsection (3) of the statute.
On November 22, 1995, Broward County applied to the state for regulatory authority, but no action on its application was taken by the state within the 180-day window period. Accordingly, it seems that under section 403.9324(3) Broward County’s regulatory authority over mangroves was abolished by the legislature on December 12,1995.
A hearing on the alleged violation finally took place on December 18, 1995. At that hearing, petitioner moved to dismiss the case on the grounds that Broward County no longer had any power to regulate mangroves, as its authority had been abolished by the Act. The hearing officer granted the motion.
Broward County then filed a petition for a writ of certiorari in the Circuit Court, seeking a reversal of the dismissal. In granting that petition, the circuit court reasoned that a repeal of a criminal statute does not affect a prosecution for a crime committed before the repealer. The court also held that the Act “affect[ed] the substantive rights of the parties, and therefore cannot be applied retroactively,” adding that “the law in effect at the time of the alleged violation must apply.” Application of the new statute, the court observed, would “effectively immunize those who violated [the county] mangrove regulations prior to the enactment of [the Act].” Finding that the application of the Act would thus be “manifestly unjust” the court held that the outcome should not turn “on a mere whim of scheduling.”
Petitioner has in turn lately filed the present petition for certiorari to review the decision of the circuit court. Our limited scope of review by common law certiorari in this circumstance, see Haines City Comm. *180 Dev. v. Heggs, 658 So.2d 523 (Fla.1995), allows us to determine only whether the circuit court “afforded procedural due process and applied the correct law.” 658 So.2d at 530. Considering the gravity of the circuit court’s error and the adequacy of any other available relief, and thus exercising our discretion under Haines City to afford this limited form of review, we conclude that the circuit court did not apply the correct law and quash its order.
The circuit court’s resort to the principle that repeal of a criminal statute does not affect prosecutions for previously committed offenses obviously refers to article X, section 9, Florida Constitution.[1] That constitutional provision applies by its express terms, however, only to criminal prosecutions. In this case we face instead an ordinary administrative proceeding by Broward County to impose a civil penalty for failure to comply with county ordinances imposing civil penalties. Article I, section 18, Florida Constitution, it should be noted, expressly forbids the imposition of civil penalties by administrative agencies “except as provided by law.” There is no constitutional provision, however, saving penal or regulatory enforcement proceedings for violations occurring before a repeal of the regulatory authority, as there is in the case of criminal prosecutions.
Nearly a century ago, in Pensacola & A.R. Co. v. State, 45 Fla. 86, 33 So. 985, 986 (1903), our supreme court held as follows:
“The law seems to be quite clearly settled that in actions of a penal character, depending upon a statute, the repeal of the statute pending an appeal will deprive the appellate court of any power to render a judgment by which this penalty may be enforced, and that the effect of a repealing statute is to obliterate the statute repealed as completely as if it had never been enacted, except for the purpose of those actions or suits which were commenced, prosecuted, and concluded whilst it was an existing law, and that an action cannot be considered as concluded while an appeal therein is pending before an appellate court having jurisdiction to review it. [e.o.] ... But to a civil suit for the recovery of a penalty imposed by the statute for an act that is not denounced or punishable as a crime the ... saving clause from our Constitution has no applicability, and the repeal of the statute imposing such penalty operates as a release or remission of such penalty where there is no saving clause as to past violations of such repealed statute, and, after the repealing takes effect, no farther proceedings can be taken under the law so repealed to enforce the penalty; and ... this rule applies to proceedings upon appeal in the appellate court, as well as to the court having original jurisdiction of the case, and as well when the repeal of the law took effect after.the removal of the cause to the appellate court as before.” [emphasis supplied]
Without citing Pensacola, we applied its principles in Fogg v. Southeast Bank, N.A., 473 So.2d 1352, 1355 (Fla. 4th DCA 1985), saying that “[a] statute which eliminates a penalty applies, from the moment it takes effect, to all pending proceedings.” Moreover, as the court held in Gewant v. Florida Real Estate Comm’n, 166 So.2d 230 (Fla. 3d DCA 1964), the later renactment of portions of the repealed statute does not save disciplinary proceedings begun before the repeal.
Broward County strives to avoid the application of these principles by pointing to the state’s ultimate grant of permission in February 1996 to regulate mangroves under the new Act. We perceive that the state’s approval merely gives Broward County the authority prospectively under the Act to regulate mangroves and to enforce any regulations thus lawfully adopted. But we do not understand the state’s February 1996 grant of authority to have revived the regulations earlier abolished by the Act. Certainly, there is nothing in the Act so providing, and there is nothing in the record showing that Bro-ward County then adopted any new regulations after the grant of authority.
Broward County’s focus on the notion of “substantive rights” is misplaced. In enaet- *181 ing and enforcing ordinances regulating persons and things within its borders, Broward County is not engaged in the pursuit of rights but, instead, in the exercise of governmental 'powers.[2] Charter counties, like Bro-ward County, have only such powers as are “not inconsistent with general law.” See Art. VIII, § 1(g), Fla. Const. Hence even if, for the sake of argument, a government could be said to have a right to exercise its powers, article VIII, section 1(g), plainly disclaims any right of a county to exercise a power inconsistent with statutes enacted by the legislature. Consequently, if the legislature withdraws the authority of a county to exercise a power and in so doing abolishes existing ordinances purporting to exercise the power, the county cannot complain that its rights have been affected by the legislation— only its powers under article VIII, section 1(g). Thus, the county’s characterization of its authority to regulate mangroves as a right led the circuit court to apply the wrong law.
Moreover, an “immunity is one’s freedom from the legal power or ‘control’ of another as regards some legal relation.”[3] While it is correct to think of the legislative abolition of the county’s mangrove regulations as conferring an immunity on petitioner, that immunity necessarily results from the legislature’s plenary power to abolish specific regulatory powers of a county by general law. Under article VIII, section 1(g), Broward County has no authority to impose a civil penalty on anyone by virtue of regulatory ordinances inconsistent with general law. Therefore, petitioner properly enjoys an immunity under the constitution to be free from attempted regulation under ordinances no longer consistent with general law.
Last, there is nothing manifestly unjust about applying constitutional limitations on the regulatory powers of local governments. Justice lies in enforcing constitutional provisions. Not to do so is unjust. As we have just seen, the constitution has established a general immunity against attempted county regulation when the legislature has repealed the authority to regulate. Some citizens may not approve of repealing local government control over certain environmental concerns, and many may enthusiastically support governmental regulation of mangroves. But judicial enforcement of a statute granting the state primacy over such regulation does not make the immunity from local regulations unjust.
CERTIORARI GRANTED; DECISION QUASHED.
GUNTHER, J., concur.
STONE, C.J., dissents with opinion.

. “Repeal or amendment of a criminal statute shall not affect prosecution or punishment for any crime previously committed.”

. The infelicity of the use of the term right in this context as a synonym for the concept of a power was described by Professor Hohfeld as follows:
"The term ‘right,’ so frequently and loosely used in the present connection, is an unfortunate term for the purpose, — a not unusual re-suit being confusion of thought as well as ambiguity of expression.”
Wesley Newcomb Hohfeld, Some Fundamental Legal Conceptions as Applied in Judicial Reasoning, 23 Yale L.J. 16, 45 (1913).

. See Hohfeld, note 2 above, 23 Yale L.J. at 55.