705 So.2d 674 (1998)
METROPOLITAN DADE COUNTY, Appellant,
v.
CHASE FEDERAL HOUSING CORP., et al., Appellees.
Nos. 97-857, 97-50 and 97-49.
District Court of Appeal of Florida, Third District.
January 28, 1998.
Robert A. Ginsburg, County Attorney, and Thomas H. Robertson, Assistant County Attorney, for appellant.
Morgan, Lewis & Bockius and Robert M. Brochin and David Ashton; Coll Davidson Carter Smith Salter & Barkett and Harris C. Siskind; Douglas M. Halsey and Kirk L. Burns and Evan M. Goldenberg, Miami, for appellees.
Before GERSTEN, FLETCHER and SHEVIN, JJ.
FLETCHER, Judge.
Metropolitan Dade County [the County] appeals three final summary judgments in several consolidated environmental enforcement and cost cases. We affirm.
The appellees are owners of shopping centers located along U.S. 1 (South Dixie Highway) in the Suniland area. In 1991, dry cleaning solvent contamination, from drycleaning establishments in the shopping centers, was discovered in the private drinking water wells of homes in the adjacent neighborhoods, as well as in the centers' septic *675 tank systems. The appellees were issued notices of violation by the County and, in each instance, the appellees conducted environmental assessments and cleaned up their property, although the contamination that had migrated off site was not recoverable. As a result of the contamination of the private wells, the County installed water mains in the entire area (connecting them in 1993) at considerable expense.[1] The County also expended large sums in its investigation of the extent of the contamination.
The County subsequently brought suit to enforce the cleanup, to recover its monetary outlay for the water mains, to impose penalties, and to seek attorney's fees and administrative costs. However, the Florida Legislature enacted the "Drycleaning Contamination Cleanup Act" [the Act], ch. 94-355, amended by ch. 95-239, Laws of Florida, which includes section 376.3078, Florida Statutes (1995). This legislation established a comprehensive statewide program for the elimination of contamination previously caused by and presently being caused by the discharge of drycleaning solvents. The legislature established a fund and procedures for carrying out the necessary remedial measures.
Pertinent to this case are the provisions of the Act, found in subsections 376.3078(3)[2] and 376.3078(9)[3], Florida Statutes (1995), which provide conditional immunity to various entities when they meet certain eligibility requirements. Here the trial court concluded that the appellees met the requirements of one or more of the immunity sections and granted summary judgment in favor of the appellees.
The County's appeal is bottomed on their position that the Act's grant of immunity from administrative or judicial action is not intended by the legislature to be retroactive, and thus does not apply to actions to recover expenditures made by the County prior to the enactment of the immunity provisions. We conclude to the contrary, finding that the Act, including its grants of immunity, is retroactive and precludes the County's actions against the appellees.[4]
Accepting for this opinion that the Act affects substantial rights, but see note 4, then its provisions can only be applied retroactively if the legislative intent to that end is clearly expressed. Alamo Rent-A-Car, Inc. v. Mancusi, 632 So.2d 1352 (Fla.1994). The Act is a comprehensive one intended to resolve the many difficulties involved in eliminating *676 environmental contamination from the multitude of drycleaning sources throughout the state, no matter when the contamination took place. The Act sets up a "cleanup" fund, provides revenue sources for that fund, encourages drycleaning facility owners and operators to participate, and grants immunity to those who meet the conditions. The language of the immunity sections, see supra notes 2 and 3, is also comprehensive as to the preclusion of administrative and judicial action against those who qualify. The County's power to act against the immunized entities has been eliminated without a savings clause as to any administrative or judicial action no matter what its status. From this we conclude that the legislature has clearly expressed its intention that the Act is to be retroactively applied.
As we consider this to be a matter of great public importance, we certify the following question to the Florida Supreme Court:
ARE SUBSECTIONS 376.3078(3) AND 376.3078(9), FLORIDA STATUTES (1995), WHICH PROVIDE TO ELIGIBLE ENTITIES CONDITIONAL IMMUNITY FROM CERTAIN ADMINISTRATIVE AND JUDICIAL ACTIONS BY STATE AND LOCAL GOVERNMENTS AND AGENCIES, INTENDED BY THE LEGISLATURE TO APPLY RETROACTIVELY, THUS PRECLUDING ACTIONS AGAINST IMMUNIZED ENTITIES FOR THE RECOVERY BY A GOVERNMENT FOR ENFORCEMENT AND REHABILITATION COSTS EXPENDED PRIOR TO THE ENACTMENT OF THESE SUBSECTIONS?
The final summary judgments are affirmed; question certified.
NOTES
[1] The record does not reflect whether the County charged the neighboring homeowners a fee for connecting the homes to the public water supply, thus passing on the expense to the consumer. Presumably the County, if it is the operator of the public water supply system, is charging the residents for their water usage. These matters are not here for consideration, however.
[2] Which provides in part:

"In accordance with the eligibility provisions of this section, no real property owner or no person who owns or operates, or who otherwise could be liable as a result of the operation of, a drycleaning facility or a wholesale supply facility shall be subject to administrative or judicial action brought by or on behalf of any state or local government or agency thereof or by or on behalf of any person to compel rehabilitation or pay for the costs of rehabilitation of environmental contamination resulting from the discharge of dry cleaning solvents."
[3] Which provides in part:

"A real property owner is authorized to conduct site rehabilitation activities at any time pursuant to department rules ... whether or not the facility has been determined by the department to be eligible for the dry cleaning solvent program.... A real property owner that voluntarily conducts such site rehabilitation, whether commenced before or on or after October 1, 1995, shall be immune from liability to any person, state or local government, or agency thereof to compel or enjoin site rehabilitation or pay for the cost of rehabilitation of environmental contamination, or to pay any fines or penalties regarding rehabilitation, so long as the real property owner [meets certain conditions]."
[4] We make two observations here. First, there is no contention on this appeal that the appellees do not meet the statutory conditions for immunity (other than the retroactivity argument). Second, the legislature may eliminate the County's substantive "rights" by legislation retroactive in nature. As noted by the Fourth District Court of Appeal in Sun Harbor Homeowners Ass'n v. Broward County Dep't of Natural Resource Protection, 700 So.2d 178 (Fla. 4th DCA 1997), a county regulating persons and things within its borders is not engaged in the pursuit of rights, but, instead, is engaged in the exercise of its powerswhich powers the legislature can withdraw at any time. See the discussion, Sun Harbor, 700 So.2d at 180-81.