908 So.2d 1140 (2005)
J-II INVESTMENTS, INC., and Johnny Petrandis, II, an individual, Appellants,
v.
LEON COUNTY, Florida, a political subdivision of the State of Florida, Appellee.
No. 1D04-3321.
District Court of Appeal of Florida, First District.
August 11, 2005.
Rehearing Denied September 15, 2005.
Sean P. O'Connor, Homestead, Attorney for Appellants.
Herbert W.A. Thiele, County Attorney, and Cherry A. Shaw, Assistant County Attorney, Tallahassee, Attorneys for Appellee.
THOMAS, J.
We review the trial court's entry of final summary judgment in favor of Appellee Leon County. Because there is no issue of material fact, we affirm.
This case arose when a Leon County environmental compliance officer investigated Appellant's property for unauthorized clearing without a permit. According to his affidavit, the compliance officer observed piles of dirt, uprooted trees, and other debris on the property. Appellee contacted the owners of the property, Appellants, to conduct an inspection of the property. After observing what he believed to be unpermitted developmental activities, the compliance officer placed a stop work order on the property. On July 1, 2003, Appellee filed a Verified Complaint for Temporary and Permanent Injunctive Relief, stating that Appellants violated Leon County ordinances by performing developmental activities on the property without a permit. In response, Appellants answered the complaint, asserting *1141 that the land is used for agricultural purposes. Appellee then filed a motion for summary judgment. Appellants then submitted a Motion Against Entry of Summary Judgment with a supporting affidavit of Johnny Petrandis, the acting agent of J-II Investments. According to this affidavit, the property was not being developed, but rather was being used for aquaculture and livestock pasture.
In this appeal, Appellants assert that the land in question is being used for agricultural purposes and maintain that Leon County does not have regulatory authority over agricultural activity. However, Leon County maintains that development has taken place on the land and requires a permit pursuant to section 163.3202(1), Florida Statutes (2004).
Meanwhile, the Florida Agricultural Lands and Practices Act says that a "county may not exercise any of its powers to adopt any ordinance, resolution, regulation, rule or policy to prohibit, restrict, regulate, or otherwise limit an activity of a bona fide farm operation on land...." § 163.3162, Fla. Stat. (2004) (emphasis added). See also § 832.14(6), Fla. Stat. (containing identical language relating to nuisance suits, stating that "a local government may not adopt any ordinance, regulation, rule, or policy to prohibit, restrict, regulate, or otherwise limit an activity of a bona fide farm operation on land classified as agricultural land...."). A statute must be given its plain and obvious meaning. McLaughlin v. State, 721 So.2d 1170, 1172 (Fla.1998).
The plain, unambiguous terms of section 163.3162(4), Florida Statutes, prevent counties from adopting ordinances relating to agriculture. The statute does not address the enforcement of provisions already in place. If the legislature intended to include the term "enforce" in the statute, it clearly could have done so. See, e.g., § 403.7603, Fla. Stat. (2004) ("... no county or municipality shall adopt or enforce regulations that discriminate against privately owned solid waste management facilities ...") (emphasis added); § 163.3174(6), Fla. Stat. (2004) ("If a joint planning entity is in existence on the effective date of this act which authorizes the governing bodies to adopt and enforce a land use plan effective throughout the joint planning area....") (emphasis added). Thus, since the legislature did not include the word "enforce" in section 163.3162(4), Florida Statutes, we cannot assume that they intended to preempt all existing county regulations. Tallahassee Mem'l Reg'l Med. Ctr. v. Tallahassee Med. Ctr., 681 So.2d 826, 831 (Fla. 1st DCA 1996) ("The courts should be careful in imputing an intent on behalf of the Legislature to preclude a local elected governing body from exercising its home rule powers."). Here, Appellee is not attempting to adopt any ordinance that restricts agricultural activities, but instead is attempting to enforce a regulation that was already in place. Therefore, section 163.3162, Florida Statutes, does not prevent Appellee from enforcing the ordinance.
Accordingly, there is no issue of material fact. Appellee has the authority to enforce the ordinances whether there are agricultural or developmental activities taking place on the parcel of land in question. Therefore, we affirm the trial court's entry of final summary judgment.
We decline to address the award of attorney's fees since the County's Amended Motion to Tax Costs and Attorney's Fees was not ruled upon at the time the Notice of Appeal was filed.
AFFIRMED.
WEBSTER and DAVIS, JJ., concur.