958 So.2d 1039 (2007)
Pamela D. WENDEL, Appellant,
v.
Robert WENDEL, Jr., Appellee.
No. 1D06-3508.
District Court of Appeal of Florida, First District.
June 5, 2007.
*1040 Donna S. MacRae of Three Rivers Legal Services, Inc., Lake City, for Appellant.
No appearance for Appellee.
PER CURIAM.
Appellant, Pamela D. Wendel, seeks review of an order finding her in contempt for violating an injunction. We agree with Appellant that because the contempt order did not contain a purge provision, the contempt must be characterized as criminal contempt. See Parisi v. Broward County, 769 So.2d 359, 365 (Fla. 2000); Pugliese v. Pugliese, 347 So.2d 422, 424 (Fla.1977). Strict compliance with Florida Rule of Criminal Procedure 3.840 is required in indirect criminal contempt proceedings. Levey v. D'Angelo, 819 So.2d 864, 869 (Fla. 4th DCA 2002). Appellant is correct that the trial court's Rule to Show Cause did not comply with rule 3.840 because it gave no indication that she was subject to criminal contempt, it did not state the essential facts constituting the contempt or attach the contempt motion, nor did it afford her a reasonable time for preparation of a defense. See Pugliese, 347 So.2d at 426; Flanagan v. State, 840 So.2d 379, 380 (Fla. 1st DCA 2003); Young v. Wood-Cohan, 727 So.2d 322, 324 (Fla. 4th DCA 1999); Russ v. State, 622 So.2d 501, 502 (Fla. 5th DCA 1993). Noncompliance with rule 3.840 constitutes fundamental error. Hunt v. State, 659 So.2d 363, 364 (Fla. 1st DCA 1995).
Accordingly, we REVERSE the contempt order without prejudice to proceed against Appellant in accordance with rule 3.840.
WEBSTER, DAVIS, and VAN NORTWICK, JJ., concur.