*88
 
 PER CURIAM.
 

 Appellants challenge a trial court order finding they had failed to purge an earlier contempt order and fining them accordingly. We affirm without comment the trial court’s finding that Appellants failed to purge their contempt. We write only to address Appellants’ argument that the trial court, by imposing the fine, converted the civil contempt proceeding into a criminal contempt proceeding without affording the proper constitutional protections. We reject this argument and affirm the trial court’s decision.
 

 FACTS AND PROCEDURAL HISTORY
 

 This case has a long and contentious history. It began in July 2003 when Ap-pellee Leon County filed a Verified Complaint for Temporary and Permanent In-junctive Relief against Appellants. The complaint alleged that Appellants had violated a Leon County ordinance by conducting unpermitted developmental activities on a parcel of their property.
 
 [1]
 
 On June 28, 2004, the trial court granted Leon County’s motion for summary judgment. In the order, the trial court gave Appellants thirty days to implement a plan to remediate the damages to the subject property and sixty days to submit an application for a Standard Form Environmental Management Permit (an EMP application).
 

 Appellants appealed the order, arguing Leon County did not have authority to enforce regulations related to agriculture, given a recent statute prohibiting counties from limiting farm operations.
 
 See J-II Invs., Inc. v. Leon County,
 
 908 So.2d 1140 (Fla. 1st DCA 2005). We affirmed the summary judgment, finding the statute in question did not affect preexisting county ordinances.
 
 Id.
 

 Despite being instructed by the trial court to expeditiously remediate the damages and submit an EMP application, Appellants took no such action. Accordingly, after nearly two years had passed, Leon County moved for Appellants to be found in contempt of the earlier order. The trial court agreed and, following a hearing, issued an order finding Appellants in contempt on May 31, 2006,
 
 nunc pro tunc
 
 to May 9, 2006. The order stated that Appellants could “purge themselves of contempt by submitting a complete application for [an EMP] on or before May 23, 2006.”
 
 [2]
 
 The order went on to state:
 

 Should the Defendants fail to purge themselves of contempt within the time prescribed herein, the Defendants shall pay a fine to Plaintiff, Leon County, Florida, in the total amount of $1,000.00 per day accruing from May 24, 2006 until such date, as the Defendants shall purge themselves of contempt in accordance herewith. [ ]
 

 On June 3, 2006, the daily fine accrual shall increase to $5,000.00 per day, and the Defendants shall [] pay a fine to plaintiff, Leon County, Florida in the total [ ] amount of $5,000,00 per day accruing from June 3, 2006 until such date as the Defendants shall purge themselves of contempt in accordance herewith.
 

 Appellants submitted an EMP application on May 23, 2006. However, Leon County found it incomplete and sent Appellants a letter listing ten deficiencies. A year passed. During this time, Appellants failed to submit an EMP application ade
 
 *89
 
 quately addressing Leon County’s concerns. Consequently, in May 2007, Leon County moved to enforce the May 31, 2006, contempt order and requested that Appellants be fined for contempt.
 

 The trial court held a hearing during which Appellants argued they had complied with the purge provision in the May 31, 2006, order and should not be fined. The trial court rejected this claim. It found Appellants’ progress in the EMP application process had been “almost de minimus” and there had been no “good faith effort” to comply with the purge provision in the earlier order. On September 19, 2007, the trial court issued an order granting Leon County’s motion to enforce the May 31, 2006, contempt order. After calculating the per diem fines which had accrued under the provisions of the May 31, 2006, order, the trial court imposed a monetary judgment against Appellants, jointly and severally, of $2,335,000.
 

 Following this order, Appellants filed a motion for rehearing on several grounds. The trial court granted the motion on one narrow issue. In particular, it agreed with Appellants that, prior to imposing the contempt fine of $2,335,000, it should have considered their ability to pay this amount as well as whether this amount was commensurate with the damages they had caused. Accordingly, a series of hearings were held to determine Appellants’ financial status and the amount of harm caused by clearing the land.
 

 On October 23, 2008, the trial court issued an order on the motion for rehearing. In the order, the trial court first rescinded the $2,335,000 in sanctions that it had imposed in the September 19, 2007, order. Second, it discussed the evidence concerning Appellants’ financial status and concluded they could afford to pay the cost of remediation, including Leon County’s legal fees. Third, after calculating the cost of restoring the land to its former condition and the amount of legal expenses that Leon County had incurred, the trial court ordered Appellants to pay a final judgment of $314,068.
 
 [3]
 

 ANALYSIS
 

 Appellants now contend that the trial court committed reversible error by imposing a flat, unconditional fine without giving them the chance to purge their contempt. They argue this action converted the civil contempt proceeding into a criminal contempt proceeding, thereby entitling them to constitutional protections which they did not receive. This claim misconstrues what occurred below and infringes upon the trial court’s authority to enforce its contempt orders.
 

 It is well settled that civil contempt proceedings and criminal contempt proceedings have different procedural and constitutional protections.
 
 See Parisi v. Broward County,
 
 769 So.2d 359, 365 (Fla. 2000). In indirect criminal contempt proceedings, trial courts must strictly comply with Florida Rule of Criminal Procedure 3.840.
 
 See Wendel v. Wendel,
 
 958 So.2d 1039, 1040 (Fla. 1st DCA 2007). Rule 3.840(a) requires the trial court to issue an Order to Show Cause informing the defendant that he/she is subject to criminal contempt and stating the essential facts constituting the contempt.
 
 Id.
 
 This rule also requires that the defendant be afforded a reasonable amount of time to prepare a defense.
 
 Id.
 
 Further, criminal contempt proceedings carry all due process protections which would apply in a criminal trial, including the right to representation, the right against self incrimination, and the
 
 *90
 
 requirement that guilt be proven beyond a reasonable doubt.
 
 See Parisi,
 
 769 So.2d at 364;
 
 Jones v. Ryan,
 
 967 So.2d 342, 344 (Fla. 3d DCA 2007).
 

 By contrast, civil contempt sanctions are viewed as nonpunitive and avoidable, and do not merit such extensive procedural protections.
 
 See Parisi,
 
 769 So.2d at 365;
 
 Channel Components, Inc. v. America II Elecs., Inc.,
 
 915 So.2d 1278, 1283 (Fla. 2d DCA 2005). Indeed, civil contempt may be imposed with only notice and an opportunity to be heard.
 
 See Parisi,
 
 769 So.2d at 365. However, “[w]hile civil contempt sanctions do not require the same procedural and constitutional protections as criminal contempt, [ ] to be a valid civil contempt sanction the contempt order must include a purge provision.”
 
 Id.; Palmer v. Palmer,
 
 530 So.2d 508 (Fla. 3d DCA 1988). “Without this critical protection, there is a danger that the contempt sanction could be transformed from a civil to a criminal contempt sanction without any other underlying procedural protections attendant to criminal proceedings.”
 
 Parisi,
 
 769 So.2d at 365.
 

 If a contempt order simply imposes a flat and unconditional fíne, it is considered a criminal sanction because the defendant is not given the opportunity to purge through compliance.
 
 See Parisi
 
 769 So.2d at 365-66;
 
 In re Steffens,
 
 988 So.2d 142, 144 (Fla. 5th DCA 2008);
 
 Levey v. D'Angelo,
 
 819 So.2d 864, 868 (Fla. 4th DCA 2002). However, if the order imposes a fine, yet provides a way for the contemnor to reduce the amount imposed or avoid the fine altogether, it is considered a civil contempt fine. One example of a valid civil contempt fíne is a per diem amount imposed for each day the contemnor refuses to comply with the trial court’s order, provided that the requirement to pay any additional fines will be purged once the contemnor complies with the underlying order.
 
 See Parisi,
 
 769 So.2d at 365.
 

 Here, Appellants claim that the $314,068 imposed in the October 23, 2008, order was a flat, unconditional fine which transformed the civil contempt proceeding into a criminal contempt proceeding without the accompanying constitutional protections. Appellants are mistaken. The $314,068 fine mitigated the original contempt fine of $2,335,000 which the trial court had imposed in its September 19, 2007, order. To calculate the $2,335,000, the trial court had consulted the original order of contempt, which was issued on May 31, 2006. This original contempt order stated that Appellants would be fined on a per diem basis if they did not purge their contempt by submitting a completed EMP application on or before May 23, 2006. Therefore, the $314,068 fine was simply the result of Appellants’ failure to purge the earlier finding of contempt.
 

 Considering the foregoing, it cannot be said that a flat, unconditional fine was imposed. According to the May 31, 2006, contempt order, Appellants had the opportunity to purge their contempt — and avoid future fines altogether — simply by submitting a completed EMP application within the given period. The fines imposed (i.e., the original fine of $2,335,000 and the mitigated fine of $314,068) were simply the result of Appellants’ failure to purge their contempt. Since Appellants were given the opportunity to avoid the fine, the matter remained a civil contempt proceeding, and Appellants received all constitutional protections that were required.
 

 CONCLUSION
 

 We uphold the trial court’s finding that Appellants failed to purge their contempt as well as its imposition of a $314,068 fine. We emphasize that trial courts have the
 
 *91
 
 authority to exercise their contempt power when, as here, a party has been given ample time and opportunity to comply with a court order yet fails to do so. For the foregoing reasons, the trial court’s order is
 

 AFFIRMED.
 

 VAN NORTWICK and THOMAS, JJ., and HANKINSON, JAMES C., Associate Judge, concur.
 

 [1]
 

 . In particular, the complaint alleged Appellants had cleared approximately sixty acres of forested land encroaching upon a floodplain and destroying animal habitats in the process.
 

 [2]
 

 . The May 23, 2006, deadline had been originally imposed in a hearing held on May 9, 2006.
 

 [3]
 

 . In other words, the trial court’s order on the motion for rehearing reduced the fine against Appellants from $2,335,000 to $314,068.