GROSS, J.
In this second-tier certiorari proceeding, the Town of Jupiter seeks review of a circuit court decision reversing in part a magistrate’s order in a code enforcement proceeding which imposed fines for the Byrd Family Trust’s unauthorized removal of 109 mangrove trees.[1] Finding no de *1100 parture from a clearly established principle of law, we deny the petition.
“Second-tier certiorari is not a second appeal; it is extraordinarily limited, and narrow in scope.” Advanced Chiropractic & Rehab. Ctr. Corp. v. United Auto. Ins. Co., 103 So.3d 866, 868 (Fla. 4th DCA 2012). Review is limited to whether the circuit court afforded procedural due process and whether it departed from a clearly established principle of law in such a way as to cause a miscarriage of justice. Id. (citing Custer Med. Ctr. v. United Auto. Ins. Co., 62 So.3d 1086, 1092 (Fla.2010)); Kirrie v. Indian River Cnty Code Enforcement Bd., 104 So.3d 1177, 1179 (Fla. 4th DCA 2012). “Ordinary legal errors, or application of the correct law incorrectly under the facts, are not sufficient grounds for a district court to grant second-tier certiorari.” Advanced Chiropractic, 103 So.3d at 868.
The circuit court opinion described the code enforcement proceedings as follows:
On December 16, 2010, the Town received a complaint that mangrove trees had been removed from the Trust’s property and that the surrounding area had been filled with sand. After an investigation, the Town found that mangroves had indeed been removed and that sand had been deposited on the property. The Trust did not have a permit to remove the mangroves or to place sand on the property. Consequently, on December 20, 2010, the Town issued a stop work order on the property to prevent the further removal of any mangrove trees. Thereafter, on February 16, 2011, the Town issued a Notice of Violation related to the removal of the mangroves from the Trust’s property and relating to the placement of sand on the property without a permit.
The Trust filed a Motion to Dismiss the Town’s Notice of Violation, challenging, inter alia, the Special Magistrate’s jurisdiction to regulate mangroves. On October 7, 2011, the Special Magistrate granted, in part, and denied, in part, the Motion to Dismiss. Significant to this appeal, the Special Magistrate found that the Town had jurisdiction to enforce state law relating to mangroves.
On January 23, 2012, the Special Magistrate issued a Violation Order finding that the Trust violated both Section 26-99 of the Jupiter Town Code, by failing to adhere to state statutes regulating the alteration of mangroves, and Section 24-83 of the Jupiter Town code by failing to obtain a permit for the placement of sand on the property. Based on these findings, the Special Magistrate fined the Trust $15,000 for each mangrove tree removed from the property resulting in a total fine of $1,635,000. The Special Magistrate also fined the Trust $15,000 for the placement of sand on the property without a permit. Finally, on March 23, 2012, the Special Magistrate awarded the Town attorney’s fees and costs against the Trust.
The Trust appealed to the circuit court, which held that the Town was without authority to regulate and enforce mangrove trimming and removal. The circuit court applied the correct law to the facts of the case. We agree with the circuit court’s detailed legal analysis on this point and incorporate it in this opinion:
The parties have stipulated that one hundred and nine (109) mangrove trees were cut down and removed from the property. The parties further agree that the Town has not been delegated authority over mangrove trees pursuant to the Mangrove Trimming and Preservation Act. §§ 403.9321^03.9333, Fla. Stat. (2011) (“the Mangrove Act” or “the Act”). The primary issue raised on appeal is whether the Town, through the *1101 Special Magistrate, had jurisdiction to impose a fíne against the Trust for the removal of the 109 mangrove trees at issue.
The Trust asserts that the Town has no authority to regulate or enforce any ordinance related to mangroves as local regulation and enforcement is preempted by the Mangrove Act, §§ 403.9321-403.9333, Fla. Stat. (2011). The Trust contends that without the power to regulate or enforce the Mangrove Act, the Town has no ability to fíne the Trust for removing mangroves.
In pertinent part, the Mangrove Act provides as follows:
(1) Sections 403.9321-403.9333 and any lawful regulations adopted by a local government that receives a delegation of the department’s authority to administer and enforce the regulation of mangroves as provided by this section shall be the sole regulations in this state for the trimming and alteration of mangroves on privately or publicly owned lands. All other state and local regulation of mangrove is as provided in subsection (3).
[[Image here]]
(3) A local government that wants to establish a program for the regulation of mangroves may request delegation from the department at any time. However, all local government regulation of mangroves, except pursuant to a delegation as provided by this section, is abolished 180 days after this section takes effect.
§ 403.9234, Fla. Stat. (2011). It is clear that, absent a delegation of authority, all regulation of mangroves by local governments is preempted. The Town acknowledges that it has not been delegated authority to administer and enforce the Mangrove Act pursuant to Section 403.9234. Nevertheless, the Town maintains that assessing a fíne for removal of mangroves does not run afoul of the Mangrove Act’s preemption of local government regulation.
The fíne at issue here was assessed for violation of Section 26-99 of the Jupiter Town Code. Section 26-99 provides as follows:
Mangrove protection.
All trimming or removal of mangroves shall conform to the procedures and regulations established by the Florida Department of Environmental Protection (DEP) or the appropriate jurisdictional agency. Town staff shall have the authority to issue a stop work order if it appears that the DEP’s regulations are being violated.
Section 26-99 of the Jupiter Town Code. The Town asserts that Section 26-99 does not conflict with the Mangrove Act, rather it merely requires residents to comply with the regulations established by the Florida Department of Environmental Protection.
While Section 26-99 does not establish regulations relating to mangroves apart from requiring compliance with DEP regulations, the assessment of a fine is an act of regulation preempted by the Mangrove Act and the Special Magistrate lacked jurisdiction to assess the fíne. The plain language of the Mangrove Act abolishes “all local government regulation of mangroves.” The Act also makes clear that a delegation of authority is required to “administer and enforce the regulation of mangroves.” The Town failed to obtain a delegation of authority from the State and without such a delegation it has no ability to impose the fíne at issue here.
A finding of preemption is consistent with the opinion of the Fourth District Court of Appeal in Sun Harbor Home *1102 owners Ass’n, Inc. v. Broward County Dept. of Natural Res. Prot., 700 So.2d 178 (Fla. 4th DCA 1997). In Sun Harbor, Broward County attempted to fíne a homeowner’s association for topping mangrove trees. The court concluded that the county ordinance at issue had been preempted by the Mangrove Act. Although argued on a different point of law, the court held: “Broward County has no authority to impose a civil penalty on anyone by virtue of regulatory ordinances inconsistent with general law. Therefore, petitioner properly enjoys an immunity under the constitution to be free from attempted regulation under ordinances no longer consistent with general law.” Sun Harbor, 700 So.2d at 181.
To support the imposition of a fíne, the Town relies on J-II Investments, Inc. v. Leon County, 908 So.2d 1140 (Fla. 1st DCA 2005). J-II Investments was likewise relied upon by the Special Magistrate in denying the Trust’s jurisdictional challenge. The Town’s reliance on J-II Investments is misplaced.
J-II Investments involved preemption under the Florida Agricultural Lands and Practices Act. The Agricultural Act prohibited a county from “adopting] any ordinance, resolution, regulation, rule or policy to prohibit, restrict, regulate, or otherwise limit an activity of a bona fide farm operation on land.” Id. at 1141. The First District Court of Appeal concluded that a prohibition on adopting new ordinances did not prevent the county from enforcing an existing ordinance. The Mangrove Act, however, does more than prohibit the adoption of ordinances relating to mangroves. The Act abolishes all regulation of mangroves absent a delegation of authority. J-II Investments is simply inapposite. The Special Magistrate’s finding premised on the application of J-II Investments, Sun Harbor, and the Mangrove Act, is a departure from the essential requirements of the law and, as to this issue, the Violation Order of the Special Magistrate is reversed.
To be clear, this Court does not condone the Trust’s behavior. In flagrant disregard of State law, the Trust removed and destroyed protected trees and vegetation. The issue is who has jurisdiction to address, and remedy, this violation of State law. Jurisdiction here lies with the State of Florida through the Department of Environmental Protection, not with the Town.
In its petition to this court, the Town has largely abandoned the position it urged before the Special Magistrate and the circuit court. The Town contends that the circuit court should have (1) determined that there was a single violation of section 26-99, and not 109 violations, for the Trust’s failure to obtain a DEP permit before removing the mangroves and (2) reduced the fine to $15,000.
Before the magistrate, the Town advocated for the $1.635 million fine, arguing that the magistrate had authority to assess a $15,000 fine for each mangrove removed. Before the circuit court, the Town sought affirmance of the $1.635 million fine. A heading in the Town’s brief stated: “The magistrate applied the correct law finding 109 violations of § 26-99 of Chapter 26 of the Code.” After the circuit court reversed the $1.635 million fine, the Town suggested for the first time on rehearing that the court should recognize a single violation of 26-99 and assess $15,000 for one violation.
For the purpose of second-tier certiora-ri, the circuit court cannot be said to have departed from a clearly established principle of law when it failed to consider or apply a point not raised in the briefs. Moreover, we agree with the Trust that the Town’s assessment of any fine is regu *1103 lation preempted by the Mangrove Act; a single $15,000 fíne is as improper as 109 $15,000 fines.
In sum, the Town has not shown that the circuit court departed from the essential requirements of law. The Mangrove Act expressly preempts local regulations of mangroves and enforcement unless the local government receives delegation from DEP. The Town did not receive such a delegation of authority. The Town cannot sidestep this statutory requirement by seeking fines under a local ordinance that requires compliance with state regulations. The circuit court properly determined that, absent a delegation of authority, DEP alone has jurisdiction to enforce the Mangrove Act.

Petition for writ of certiorari denied.

DAMOORGIAN, C.J., and TAYLOR, J., concur.

. In a companion case, the Byrd Family Trust petitions for certiorari review of the court’s ruling pertaining to an award of attorney’s fees to the Town. We resolve that case by a separate order.