MAY, J.
Beneficiaries of a trust appeal an order denying their request to enforce a $500 per diem contempt fine against a trustee for her non-compliance with multiple court orders. They argue the trial court erred in not enforcing the original contempt order, the trustee waived any defect in the original contempt order by not taking an appeal, and that the trial court erred in finding it did not have the authority to impose an alternative sanction. We agree with the beneficiaries in part and reverse.
The trustee is the successor to her husband, who created a revocable living trust to assist in facilitation of their assets. As trustee, she was tasked with distributing assets to her late husband’s biological sons from a previous marriage. Instead, upon her husband’s death, the trustee sought to revoke the trust.
The sons filed suit, alleging that the distributive portions of the trust became irrevocable upon their father’s death. The trial court agreed and entered a final summary judgment requiring the trustee to distribute half the trust assets to the sons. We affirmed that final judgment. Weinberg v. Weinberg, 975 So.2d 1152 (Fla. 4th DCA), rev. dismissed, 981 So.2d 1201 (Fla. 2008).
The trustee purportedly distributed half of the trust’s assets to the sons pursuant to a joint stipulation for release of monies. Concerned about whether this distribution included all of the assets due to them, the sons requested a full accounting as required by the final judgment. When the trustee failed to comply, the sons moved to compel a “full accounting, under oath.”
The trial court entered an agreed order requiring an accounting within thirty days. The trustee again failed to comply, causing the sons to move for contempt and sanctions. The trustee responded by filing a conclusory declaration of compliance.
The trial court then entered an order granting the sons’ motion for contempt and sanctions. Neither the trustee nor her attorney attended the hearing at which *602 this took place. In the order, the trial court instructed the trustee to provide a full accounting within five days, and failure to comply would result in a $500 per diem fine.
When the trustee did not comply, the sons moved for an order to show cause why the trustee should not be held in indirect criminal contempt. The trustee moved to vacate the original contempt order, arguing: (1) that the order was entered in the absence of her attorney, and (2) that she satisfied the accounting by filing the declaration and “a complete set of monthly brokerage account statements.” She also moved to disqualify the trial judge because the judge had stated to her attorney that she “was in danger of being put in jail for contempt of court.” The trial judge disqualified himself and the case was reassigned.
The new judge granted the sons’ motion for contempt and for sanctions, and again ordered the trustee to supply the accounting, but reserved jurisdiction concerning the $500 per diem penalty. The trustee appealed the portion of the contempt order that found she failed to perform the accounting. We affirmed. See Weinberg v. Weinberg, 75 So.Sd 746 (Fla. 4th DCA 2011).
The sons once again moved for contempt and sanctions. The new judge deferred ruling on the matter for 20 days to give the trustee another opportunity to comply. Once again, the trustee failed to do so, prompting another show cause order as to why the trustee “should not be held in contempt of court” for failing to provide an accounting.
The trustee responded by filing a sworn “First and Final Accounting of Trustee,” containing “a complete report of all cash and property transaction[s] and of all receipts and disbursement.” The report, however, was incomplete, and resulted in an order providing an additional 20 days for the trustee to amend her accounting to include the period from July 17, 2005, through September 21, 2005.
When the trustee failed to comply with that order, the sons again moved for contempt and sanctions. Rather than provide the accounting, the trustee moved to vacate the original contempt order. The new judge denied the trustee’s motion as untimely, and granted the sons’ motion for contempt and sanctions. The new judge deferred ruling on the specific sanctions until an evidentiary hearing could be conducted.
At this point, the trustee filed a supplemental accounting for the period of June 27, 2005, through October 14, 2008. The new judge found the supplemental accounting insufficient and ordered her to file an affidavit or other notarized document memorializing that the supplemental accounting “contains a full accounting of all assets titled in the name of the trust, and that no trust assets existed prior to June 27, 2005.”
Déjá vu, the trustee did not comply. The sons once again moved to hold the trustee in contempt. The new judge entered an omnibus order denying the sons’ contempt motions without prejudice to permit additional discovery.
The sons next moved for entry of a monetary sanctions award, pursuant to the original contempt order. By then, the accumulated fine had reached $215,000. The trustee retained new counsel, who filed a written response suggesting that the original contempt order was unenforceable due to the invalidity of the penalty provision. The trustee argued that the original contempt order indicated a finding of criminal contempt, but she had not been afforded procedural due process protection. If, however, the order had intended to oper *603 ate as a coercive civil contempt fíne, it was fatally flawed because the $500 per diem fine was not premised upon proof of the trustee’s financial resources. Alternatively, the trustee argued that, if the order’s purpose was to compensate the sons, there was no evidence of economic loss.
The new judge denied the sons’ motion. In the order, the new judge reasoned that she could not enter a final judgment on the original contempt order because the original trial judge did not hold a hearing or make any findings of fact regarding the trustee’s financial resources or the damages suffered by the sons. The new judge further found that none of the appeals had rendered the original contempt order final, leaving the issue under her control as an interlocutory order. The new judge denied the motion for rehearing.
On appeal, the sons argue that the new judge abused her discretion by failing to enforce the original contempt order. We review this order for an abuse of discretion. See DeMello v. Buckman, 914 So.2d 1090, 1093 (Fla. 4th DCA 2005).
“To ensure the orderly administration of justice, Florida courts have the inherent power to hold parties in contempt for intentionally failing to obey a court order.” Rojo v. Rojo, 84 So.3d 1259,1261-62 (Fla. 3d DCA 2012) (citing § 38.22, Fla. Stat. (2010)). Such empowerment assists courts in “administering] public justice” and “enforcing] the rights of private litigants” by ensuring that judicial rulings serve more than a mere advisory role. Gompers v. Buck’s Stove & Range Co., 221 U.S. 418, 450, 31 S.Ct. 492, 55 L.Ed. 797 (1911) (citing Bessette v. W.B. Conkey Co., 194 U.S. 324, 337, 24 S.Ct. 665, 48 L.Ed. 997 (1904)). However, tethered to such broad-ranging power is the continued “obligation of restrained use and due process.” Moakley v. Smallwood, 826 So.2d 221, 227 (Fla.2002) (footnote omitted).
The record does not reveal that the original trial court considered the trustee’s financial resources. The order was entered after a uniform motion calendar, and there is no transcript of the hearing. We do know, however, that neither the trustee nor her counsel were present. The new judge correctly determined she could not enforce the defective contempt order as rendered.
Next, the sons argue that the trustee waived her right to contest the penalty provision of either the original contempt order or the new judge’s contempt order by failing to raise the issue in her previous appeals. We disagree. The original order contained a purge provision, with which she could have complied. While the decision holding the trustee in contempt was cemented by this Court’s affirmance, see Specialty Rests. Corp. v. Elliott, 924 So.2d 834, 837 (Fla. 2d DCA 2005), the nature of the fine to be assessed remained speculative and non-final, leaving the matter within the trial court’s control. See N. Shore Hosp., Inc. v. Barber, 143 So.2d 849, 851 (Fla.1962) (noting that trial courts have “the inherent authority to control [their] own interlocutory orders prior to final judgment”). Further, the trustee could not have appealed the new judge’s subsequent contempt order because the judge reserved ruling on enforcement of the per diem fine. There was no waiver here.
Lastly, the sons argue the new judge erred in not holding an evidentiary hearing and in not entering a sanctions order for the trustee’s repeated and flagrant noncompliance with multiple court orders. With this argument, we agree.
We begin with the maxim that “[a] party may not ignore a valid order of court except at its peril.” Johnson v. Allstate Ins. Co., 410 So.2d 978, 980 (Fla. 5th DCA *604 1982). The pivotal question is whether the defective nature of the original contempt order prevented the new judge from conducting a new ■ hearing to determine an appropriate sanction. The answer is no. The new judge could' move forward notwithstanding the • defects in the original contempt order.
An analogous situation was addressed in J-II Investments, Inc. v. Leon County, 21 So.3d 86 (Fla. 1st DCA 2009). There, the trial court entered a judgment requiring the defendant to implement a plan to remediate certain damages within thirty days. Id. at 88. When the defendant failed to comply, the plaintiff moved to hold the defendant in contempt. Id. The trial court entered a coercive civil contempt order, imposing a hefty per diem fine if the defendant failed to purge the contempt. Id.
Following a year of non-compliance, the trial court granted the plaintiffs motion to enforce the previous monetary sanction and imposed over $2 million in penalties. Id. at 89. The defendants moved for rehearing, and argued the trial court failed to consider their ability to pay and whether the sanction was commensurate with the damage sustained. Id. The trial court granted rehearing, conducted a series of evidentiary hearings, and entered a revised order imposing a mitigated monetary fine of $314,068. Id.
On appeal, the appellant argued that the lump sum fine converted the coercive civil contempt order into .a criminal contempt order. The First District disagreed and affirmed. It reasoned that even though the initial sanction was excessive, the- after-the-fact mitigation did not transform the matter into a criminal contempt proceeding. Id. at 90. Because the court had considered the financial resources of the appellant during the rehearing, the lump sum award was affirmed.
Much like the defendant in J-II Investments, the trustee knew she would face a fine if she failed to purge the original contempt order, yet she remained non-compliant. She should not be rewarded for her behavior. Rather, the punishment should be reconsidered with procedural safeguards in place. While the new judge correctly indicated she could not enter a final judgment on the defective original contempt order, she could still consider an appropriate sanction in light of the trustee’s financial ability to pay.

Reversed and Remanded.

CIKLIN and LEVINE, JJ., concur.