DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**AUGUSTINE ABIDOSHI,**
Appellant,

v.

**JOY ABIDOSHI,**
Appellee.

No. 4D20-2473

[August 18, 2021]

Appeal of a nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Susan F. Greenhawt, Senior Judge; L.T. Case No. FMCE19-010032(33).

David M. Scott of the Law Office of David Scott, P.A., Fort Lauderdale, for appellant.

Yosef Kudan and Alan Jay Braverman of Stok Kon + Braverman, Fort Lauderdale, for appellee.

KUNTZ, J.

The Former Husband appeals a non-final order granting the Former Wife's motion for temporary child support and alimony. Because Former Husband filed a notice of appeal, the clerk treated this case as an appeal instead of an original proceeding.[1]

We issued an order to show cause after the Former Husband failed to file an initial brief pursuant to Florida Rule of Appellate Procedure 9.130(e). In response, the Former Husband filed a brief titled "petition for writ of certiorari." The Former Wife responded by moving to dismiss. We denied the motion to dismiss, stating, "that [Former Husband's] December

---

[1] The body of the notice of appeal confusingly "invoke[d] the certiorari jurisdiction" of this court "by appealing, pursuant to Rule 9.130(a)(3)(C)(iii)(a)." An appeal of a non-final order is controlled by Rule 9.130, but a petition for writ of certiorari is controlled by Rule 9.030. The two proceedings are distinct. They are subject to different procedures, different rules, and different standards of review.

9, 2020 petition for writ of certiorari is stricken, and [the Former Husband] is directed to file an initial brief within fifteen (15) days from the date of this order."

With the benefit of briefing, we vacate our earlier order denying the motion to dismiss and dismiss the appeal. The Former Husband has attempted to appeal a non-appealable order.

The circuit court entered an agreed order that provided the Former Wife with temporary alimony and child support. That was a non-final appealable order. *See* Fla. R. App. P. 9.130(a)(3)(C)(iii)(a) (authorizing appeals from orders that determine the right to immediate monetary relief in family law matters).

But the Former Husband did not appeal that agreed order. Instead, months later, the Former Husband filed a verified motion for relief from the agreed order. As legal authority for the motion for relief, the Former Husband relied on Florida Family Law Rule of Procedure 12.540(b)(1). But that rule allows a court to "relieve a party or a party's legal representative from a **final** judgment, order, or proceeding" for reasons of mistake, inadvertence, surprise, or excusable neglect. Fla. Fam. L. R. P. 12.540(b)(1) (emphasis added). The order to which the motion for relief was directed was not final.

A motion for relief from a non-final order is not authorized, *see, e.g.*, *Bennett's Leasing, Inc. v. First St. Mortg. Corp.*, 870 So. 2d 93, 97 (Fla. 1st DCA 2003), and we lack appellate jurisdiction to review it.[2]

Finally, if treated as a petition for writ of certiorari, we would deny the petition. The circuit court did not depart from the essential requirements of the law when it denied the unauthorized motion for relief from a non-final order.

*Appeal dismissed.*

DAMOORGIAN and ARTAU, JJ., concur.

---

[2] A trial court has the authority to reconsider interlocutory rulings. *Weinberg v. Weinberg*, 137 So. 3d 600, 603 (Fla. 4th DCA 2014) (citing *N. Shore Hosp., Inc. v. Barber*, 143 So. 2d 849, 851 (Fla. 1962)). But the denial of a request to reconsider a non-final order is not a separately appealable order. *Garcia v. Navy Fed. Credit Union*, 224 So. 3d 339, 341 (Fla. 5th DCA 2017) (noting the court lacked jurisdiction to consider an appeal of the denial of a motion to reconsider a non-final order).

\*      \*      \*

*Not final until disposition of timely filed motion for rehearing.*