PER CURIAM.
This is a petition for a writ of mandamus filed by Pamela Janovitz, who was an unsuccessful appellant in the circuit court below, in which it is urged that the circuit court lacked jurisdiction to enter an adverse order assessing appellate attorney’s fees. We grant the petition for a writ of mandamus because, simply stated, the order was entered fifty-four days after the circuit court had issued its appellate mandate affirming the county court judgment under review without the court ever having recalled the mandate to enter such order— and, accordingly, (1) the circuit court had no jurisdiction to enter the subject attorney’s fee order, and (2) mandamus lies to require the circuit court to vacate this order. The fact that the attorney’s fee order was entered in the same term of court as the appellate mandate cannot change this result. See, e.g., State Farm Mut. Auto. Ins. Co. v. Judges of the Dist. Ct. of Appeal, Fifth Dist., 405 So.2d 980, 982 (Fla.1981); Dyer v. City of Miami Employee’s Retirement Bd., 512 So.2d 338 (Fla. 3d DCA 1987).
The petition for a writ of mandamus is hereby granted, but we withhold issuance of a writ of mandamus on the assumption that the circuit court will vacate the attorney’s fee order upon receipt of this opinion.
It is so ordered.