PER CURIAM.
The defendant appeals the denial of its motion for attorney’s fees. In the order the trial court found and held:
Plaintiff originally filed two complaints seeking damages pursuant to F.S. 723.- *557 058. Defendant’s motion to dismiss these complaints were granted. The third amended complaint did not seek damages under said statutes, but was a simple tort action for tortious interference.
Defendant filed an answer with no request for attorney’s fees. Thereafter, plaintiff took a voluntary dismissal.
The court has determined that defendant was the prevailing party. However, the court finds no basis to award attorney’s fees.
I. The action was not based on F.S. 723.058, these complaints having been abandoned by plaintiff. Therefore, there is no basis for defendant to claim fees.
II. If in fact the action was based upon F.S. 723.058, defendant failed to seek fees in its answer. Stockman v. Downs, 573 So.2d 835 (Fla.1991); Swortz v. Southern Rainbow Corp., 603 So.2d 107 (Fla. 3d DCA 1992).
We agree with the trial court, and further find no additional factors such as acquiescence or misleading conduct that raise equitable considerations which might support an exception to the pleading requirement relied upon below. See Max Dial Porsche Audi, Inc. v. Kushner, Inc., 596 So.2d 156 (Fla. 4th DCA), review denied, 605 So.2d 1264 (Fla.1992). Accordingly, the order under review is affirmed.