635 So.2d 19 (1994)
The JUDGES OF THE ELEVENTH JUDICIAL CIRCUIT, In and For DADE COUNTY, Florida, Appellate Division, Petitioners,
v.
Pamela JANOVITZ, Respondent.
No. 81620.
Supreme Court of Florida.
April 14, 1994.
Robert A. Ginsburg, Dade County Atty. and Roy Wood, Asst. County Atty., Miami, for petitioners.
Bruce H. Freedman of Freedman & Verebay, P.A., North Miami Beach, for respondent.
*20 Michael J. Fingar of Ira R. Shapiro, P.A., North Miami Beach, amicus curiae, for Koslovsky Realty, Inc.
PER CURIAM.
We review Janovitz v. Judges of the Eleventh Judicial Circuit, 613 So.2d 527 (Fla. 3d DCA 1993), based on conflict with Finkelstein v. North Broward Hospital District, 484 So.2d 1241 (Fla. 1986). We have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution and quash Janovitz.
Pamela Janovitz leased a condominium in North Miami Beach to a family named Machado. The lease agreement contained a provision that cooperating brokers would receive ten percent of the lease amount as a commission. Koslovsky Realty and the Keyes Company (the brokers) sued Janovitz in county court to recover their commission. The county court granted summary judgment for the brokers, and Janovitz appealed that order to the appellate division of the circuit court. On June 19, 1992, the circuit court entered a per curiam order affirming the trial court's summary judgment. The circuit court denied rehearing on July 22, 1992, and issued its mandate on July 24. Fifty-four days later, on September 16, 1992, the circuit court granted the brokers' prior motion for appellate attorney's fees and remanded to the county court to determine the amount.
Janovitz petitioned the district court of appeal for a writ of mandamus directing the circuit court to withdraw its award of attorney's fees. Following its earlier decision in Dyer v. City of Miami Employees' Retirement Board, 512 So.2d 338 (Fla. 3d DCA 1987), the district court of appeal held that the circuit court had no jurisdiction to enter the order on attorney's fees after its mandate had issued. The circuit court's appellate division then petitioned this Court for review.
An appellate court may recall a mandate before its term of court ends in order to revisit the cause. State Farm Mut. Auto. Ins. Co. v. Judges of Dist. Court of Appeal, Fifth Dist., 405 So.2d 980 (Fla. 1981). The petitioners concede that the circuit court never withdrew its mandate in this case, but they argue that a claim for attorney's fees is an independent collateral claim which may be determined after the plenary appeal has been adjudicated on the merits regardless of whether the mandate has been issued.
In Finkelstein, we stated:
The issue before us is whether the trial court lacked jurisdiction to entertain the plaintiffs' motion for "prevailing party" attorney's fees, where the plaintiffs' complaint contained a demand for attorney's fees, where the final judgment did not dispose of or explicitly retain jurisdiction over the claim for attorney's fees, and where the plaintiffs' motion for attorney's fees was filed three days after the final judgment on the main claim became final.
484 So.2d at 1242. We held that a motion for attorney's fees raised a collateral and independent claim which the trial court has continuing jurisdiction to entertain within a reasonable time, notwithstanding that the litigation of the main claim may have been concluded with finality. Even though that case dealt with a trial court award rather than an appellate court award, the principle is the same because it pertains to the jurisdiction of the court to enter an order on attorney's fees after it loses jurisdiction of the claim on the merits.
Thus, we hold that when a motion for appellate attorney's fees has been timely filed, the court may enter an award of attorney's fees within a reasonable time after the issuance of the mandate. While the award in the instant case was entered in the same term of court, we do not believe this to be a requirement for such collateral orders so long as they are entered within a reasonable time.
We disapprove Dyer and quash the decision below. We remand with directions to reinstate the order awarding attorney's fees.
It is so ordered.
BARKETT, C.J., and OVERTON, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
McDONALD, J., concurs with an opinion.
*21 McDONALD, Justice, concurring.
Before today I think we have consistently held that an appellate court loses jurisdiction of a case for all purposes at the end of the term of court in which a mandate issued. I consider our ruling today a change in existing law, but one that is reasonable. I therefore concur.