649 So.2d 890 (1995)
Michael ANDERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 93-01305.
District Court of Appeal of Florida, Second District.
January 25, 1995.
Walter L. Grantham, Jr., Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Ron Napolitano, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Chief Judge.
Following pleas of guilty to dealing in stolen property, burglary, and grand theft, Michael Anderson was ordered to pay restitution in the amount of $20,000.00 following a hearing. Anderson contends on appeal that the court's method for determining the value of the stolen items was erroneous.
At the hearing the victim, in response to questioning from Anderson's attorney, testified concerning his estimate of the value of the stolen items. Anderson argues that the judge should have rejected any figure other than the fair market value of the property, but considerations other than fair market valuable are permissible in determining restitution. The judge acted within his discretion in accepting the victim's valuation. State v. Hawthorne, 573 So.2d 330 (Fla. 1991). Even if this were not the case, Anderson has waived this issue by failing to object at the trial level to either the method for determining the restitution or the approximate valuation of the items stolen. Moore v. State, 623 So.2d 842 (Fla. 5th DCA 1993); Primm v. State, 614 So.2d 658 (Fla. 2d DCA 1993).
Anderson did object, however, to payment of restitution for items he allegedly did not steal. The trial judge agreed that the value of a shotgun and a Colt .45 should have been deleted from the $20,000.00 total, but the written order fails to conform to that pronouncement. Accordingly, we affirm in part the order under review, but reverse that portion pertaining to the shotgun and the Colt .45, and remand for correction of the restitution total.
THREADGILL and FULMER, JJ., concur.