649 So.2d 890 (1995)
TAMPA LETTER CARRIERS, INC., a Florida Non-Profit Corporation, Appellant,
v.
Carrie MACK, Appellee.
No. 93-04342.
District Court of Appeal of Florida, Second District.
January 25, 1995.
*891 Christopher J. Nicholas of Butler, Burnette & Pappas, Tampa, for appellant.
William W. Chastain and Paul S. Kinsey of Trapp and Chastain, Tampa, for appellee.
CAMPBELL, Judge.
Appellant, Tampa Letter Carriers, Inc., challenges the order denying its motion for attorney's fees under sections 57.105 and 768.79, Florida Statutes (1993). The trial judge never reached the merits of the attorney fee issue because he found that appellant had not raised it in its responsive pleadings as it should have done, but raised it instead by motion filed after appellee, Carrie Mack, filed a notice of voluntary dismissal without prejudice. We reverse.
Appellee and the trial judge relied on Stockman v. Downs, 573 So.2d 835 (Fla. 1991) and Laguna Palms Properties Ltd. v. Long, 622 So.2d 556 (Fla. 3d DCA 1993) for the proposition that an award of statutory or contractual attorney's fees must be based upon a request for such fees made in the pleadings and not by motion after judgment or dismissal. However, our supreme court in Ganz v. HZJ, Inc., 605 So.2d 871 (Fla. 1992) specifically held that the rule announced in Downs does not apply to fee requests made under section 57.105. We conclude that the Ganz analysis also applies to fee requests under section 768.79. Moreover, section 768.79(6) seems to specifically provide that requests for attorney's fees under that section be made by motion after judgment.
We further conclude that simply because a case is terminated by a voluntary dismissal, either with or without prejudice, a defendant's entitlement to fees is not eliminated under section 57.105 or 768.79. Again, section 768.79(6) contains language specifically addressing a voluntary dismissal. Otherwise, a plaintiff could use the voluntary dismissal rule (Florida Rule of Civil Procedure 1.420) to thwart an opposing party's entitlement to attorney's fees under either section 57.105 or section 768.79.
Since the trial court has not addressed the merits of appellant's motion for fees, we reverse and remand for further proceedings consistent with this opinion.
FRANK, C.J., and FULMER, J., concur.