PATTERSON, Judge.
Tangerine Bay Company appeals from an order denying its motion to determine entitlement to attorney’s fees, entered after Derby Road Investments and The Mariner Group, Inc., as general partners for Robb & Stucky, Ltd. (Robb & Stucky), voluntarily dismissed their claims for breach of contract and civil theft. We reverse and remand for a hearing on attorney’s fees.
In December 1990, Robb & Stucky and Tangerine Bay entered into a contract which provided that Robb & Stucky would provide goods, services, materials, and furnishings for Tangerine Bay to use in the decoration and furnishing of model condominium units Tangerine Bay was developing. A dispute later arose as to missing items of furniture and furnishings, which resulted in Robb & Stucky filing suit against Tangerine Bay for breach of contract and civil theft. On October 11, 1993, Tangerine Bay served an offer of judgment pursuant to section 768.79, Florida Statutes (1993). After approximately ten months of discovery, Robb & Stucky filed and served its notice of voluntary dismissal of the action on August 12, 1994. Within thirty days of the voluntary dismissal, Tangerine Bay filed its motion to determine entitlement to attorney’s fees.
Tangerine Bay sought attorney’s fees under section 768.79, the offer of judgment statute, and alternatively, under section 772.11, Florida Statutes (1993), the civil theft statute, which provides for a fee award upon a finding that the defendant was forced to defend a civil theft claim lacking substantial fact or legal support. In support of its motion, Tangerine Bay filed depositions, answers to interrogatories and affidavits. After hearing, the trial court denied Tangerine Bay’s motion to determine entitlement to fees and held that Tangerine Bay could not recover attorney’s fees under section 768.79 following the plaintiffs voluntary dismissal. With respect to the civil theft claim, the trial court held that it was unable to make a finding that Robb & Stucky’s civil theft claim was without substantial fact or legal support.
Tangerine Bay contends that the trial court erred in denying its motion for attorney’s fees pursuant to section 768.79. Tangerine Bay based its motion for fees upon its offer of judgment and Robb & Stucky’s subsequent voluntary dismissal. The trial court held that Tangerine Bay was not entitled to fees because it did not “obtain a favorable judgment of either no liability or a *1047 judgment that is at least 25% less than the Offer of Judgment.”
This court’s opinion in Tampa Letter Carriers, Inc. v. Mack, 649 So.2d 890 (Fla. 2d DCA 1995), supports Tangerine Bay’s position that a voluntary dismissal without prejudice does not preclude entitlement to fees under section 768.79. “[S]imply because a case is terminated by a voluntary dismissal, either with or without prejudice, a defendant’s entitlement to fees is not eliminated under section 57.105 or 768.79.” 649 So.2d at 891. Based on Tampa Letter Carriers, we reverse the order denying entitlement to fees under section 768.79 and remand for a fee hearing.
The trial court also denied the request for attorney’s fees under section 772.11, Florida Statutes (1998), and stated in its order: “[U]nder the circumstances of this case, this Court is not able to make a finding that the claim raised by the Plaintiff in Plaintiffs Amended Complaint was without substantial fact or legal support.” It appears from the hearing transcript that the trial court did not consider the evidence Tangerine Bay presented. The court believed it could not make a determination as to whether the civil theft claim lacked substantial fact or legal support at the stage of a voluntary dismissal before trial or any evidentiary hearing. At the end of the hearing, the trial court stated: “Nothing that’s come before me, at the point of the voluntary dismissal would, in my view, have allowed me to make a determination. This case lacked the operative language of 772.11, which would have effectuated fees.”
Section 772.11 does not state that the determination of substantial fact or legal support must be made after some particular point in the proceedings. In Ciaramello v. D'Ambra, 613 So.2d 1324 (Fla. 2d DCA 1991), review denied, 599 So.2d 654 (Fla. 1992), this court affirmed the trial court’s finding, made after the trial court dismissed the civil theft claim, that the claim lacked substantial fact or legal support. The subsequent federal ease, Dimuccio v. D'Ambra, 750 F.Supp. 495 (M.D.Fla.1990), describes the state court procedural history; it appears that there was no trial, summary judgment, or other evidentiary hearing before the dismissal of the civil theft claim in Ciaramello.
Accordingly, we reverse the trial court’s order as to attorney’s fees under section 772.11 and direct the trial court to consider this alternative theory for recovery of attorney’s fees on remand. At the hearing, the parties may present evidence as to substantial fact or legal support for the civil theft claim.
Reversed and remanded.
RYDER, A.C.J., and FRANK, J., concur.