679 So.2d 369 (1996)
SPECIAL'S TRADING COMPANY, a Foreign Corporation, Appellant,
v.
INTERNATIONAL CONSUMER CORP., a Florida Corporation, Appellee.
No. 95-1232.
District Court of Appeal of Florida, Fourth District.
September 18, 1996.
Thomas D. Daiello of Marchbanks, Daiello & Leider, P.A., Boca Raton, for appellant.
W. Jeffrey Barnes of J. Barnes & Associates, P.A., Boca Raton, for appellee.
FARMER, Judge.
In this case, the trial judge was presented with an issue previously decided by the second district court of appeal but concluded that he would not follow it. In reversing, we write to emphasize the rule that all trial judges in Florida are bound by stare decisis to follow any district court of appeal decision on point when their own district has not decided the issue.
Plaintiff sued defendant for breach of contract. During the progress of the case, defendant served an offer of judgment under section 768.79, Florida Statutes (1995). At a later hearing on defendant's motion for sanctions, plaintiff announced a voluntary dismissal of its case without prejudice. Because plaintiff did not accept the offer of judgment, defendant timely moved for an award of attorney's fees under section 768.79. At the hearing on the motion for fees, defendant argued that Tampa Letter Carriers v. Mack, 649 So.2d 890 (Fla. 2d DCA 1995), was dispositive of the issue of entitlement. The trial court declined to follow Tampa Letter Carriers, however, and denied the motion. This appeal timely followed.
In Pardo v. State, 596 So.2d 665 (Fla.1992), the supreme court held:
"Initially, we note that the district court erred in commenting that decisions of other district courts of appeal were not binding on the trial court. This Court has stated that `[t]he decisions of the district courts of appeal represent the law of Florida unless and until they are overruled by this Court.' Stanfill v. State, 384 So.2d 141, 143 (Fla.1980). Thus, in the absence of interdistrict conflict, district court decisions bind all Florida trial courts. Weiman v. McHaffie, 470 So.2d 682, 684 (Fla. *370 1985). The purpose of this rule was explained by the Fourth District in State v. Hayes:

`The District Courts of Appeal are required to follow Supreme Court decisions. As an adjunct to this rule it is logical and necessary in order to preserve stability and predictability in the law that, likewise, trial courts be required to follow the holdings of higher courtsDistrict Courts of Appeal. The proper hierarchy of decisional holdings would demand that in the event the only case on point on a district level is from a district other than the one in which the trial court is located, the trial court be required to follow that decision. Alternatively, if the district court of the district in which the trial court is located has decided the issue, the trial court is bound to follow it. Contrarily, as between District Courts of Appeal, a sister district's opinion is merely persuasive.'
333 So.2d 51, 53 (Fla. 4th DCA 1976) (footnote and citations omitted). [f.o.] Consequently, the trial court in this case was bound by the Fifth District's decision in Kopko."
596 So.2d at 666-7.
Pardo applies in this case because the decision of the second district in Tampa Letter Carriers clearly addresses the identical issue confronted by the trial court in this case. A trial judge in Florida is not free to refuse to follow applicable precedent from another district merely because the trial judge disagrees with the holding of that district court. From that standpoint alone, the decision below is in error and must be reversed.
To eliminate unnecessary, further appeals in this case, however, we proceed to address the substantive issue, i.e. whether a party can avoid liability under section 768.79 for offer of judgment attorney's fees by simply dismissing his claim before suffering an adverse adjudication. While concededly the act of filing a voluntary dismissal would vindicate the purpose of the act to encourage the early disposition of civil actions for damages, just as a formal settlement through the offer would do, we do not construe statutes on their purposes but on their text. Miele v. Prudential-Bache Securities, Inc., 656 So.2d 470 (Fla.1995) (legislative intent must be determined primarily from statutory text). It is thus to the text of the statute that we refer to answer the question here.
Subsection (6) of section 768.79, Florida Statutes (1995), provides in part as follows:
"(6) Upon motion made by the offeror within 30 days after the entry of judgment or after voluntary or involuntary dismissal, the court shall determine the following:
(a) If a defendant serves an offer which is not accepted by the plaintiff, and if the judgment obtained by the plaintiff is at least 25 percent less than the amount of the offer, the defendant shall be awarded reasonable costs and ... attorney's fees...."
Under the remainder of the statutory text, entitlement is tied to the amount of the judgment obtained. To deny attorney's fees, however, to the offeror when the offeree voluntarily dismisses his claim, when no judgment has been entered, would make the adoption of the highlighted text futile.
We are not authorized to construe statutes in a way that makes their text meaningless. City of Pompano Beach v. Capalbo, 455 So.2d 468 (Fla. 4th DCA 1984), rev. denied, 461 So.2d 113 (Fla.1985), cert. denied, 474 U.S. 824, 106 S.Ct. 80, 88 L.Ed.2d 65 (1985). We reject the notion that the absence of a judgment when there has been a voluntary dismissal precludes any entitlement to fees under this section.
The facts in Tampa Letter Carriers lack any meaningful distinction from those here. We are thus in complete agreement with the analysis of the second district:
"We further conclude that simply because a case is terminated by a voluntary dismissal, either with or without prejudice, a defendant's entitlement to fees is not eliminated under section 57.105 or 768.79. Again, section 768.79(6) contains language specifically addressing a voluntary dismissal. Otherwise, a plaintiff could use the voluntary dismissal rule (Florida Rule of *371 Civil Procedure 1.420) to thwart an opposing party's entitlement to attorney's fees under either section 57.105 or section 768.79."
649 So.2d at 891.
We reverse the order denying fees under section 768.79 and remand to the trial court to determine entitlement and, if necessary, the amount of a reasonable fee.
SHAHOOD, J., concurs.
WARNER, J., concurs in result only.