PER CURIAM.
Defendants below appeal from a trial court order denying their motion for attorney’s fees where the Defendants made an offer of judgment, the offer was refused, and the complaint was subsequently involuntarily dismissed. We reverse.
Juanza Perkins and John R. Perkins of Satellite Mike, Inc., (hereinafter the “Defendants below” or “Perkins”), installed a satellite dish system for Leroy Thomas and Georgette Wilson of Thomas Programming Inc., (hereinafter the “Plaintiffs below” or ‘Wilson”).
In April, 1994, Wilson brought suit against Perkins alleging damages for breach of contract, fraud, and negligence. Wilson alleged that the satellite dish system installed by Perkins utilized illegal de-scrambler codes. The Defendants below filed an answer and counterclaim. In January, 1995, the Plaintiffs below filed an amended complaint alleging three counts of breach of contract, three alternative counts for fraud, and three counts for negligence. Wilson also alleged that Perkins violated Title 47 of the United States Code, section 605, by engaging in the illegal piracy of satellite cable programming.
In May, 1995, the Defendants below served an offer of judgment on the Plaintiffs below, pursuant to section 768.79 of the Florida Statutes. The Plaintiffs below did not take any action with regard to the offer of judgment.
On April 25, 1996, the trial court entered an order dismissing Wilson’s Amended Complaint with prejudice.[1] On May 24, 1996, the Defendants below filed a motion for attorney’s fees and court costs. The motion for attorney’s fees and court costs was grounded on section 768.79 of the Florida Statutes, entitled, “Offer of judgment and demand for judgment.” On September 12, 1996, the Plaintiffs below filed their “Opposition to Defendant’s Request for Attorney’s Fees.” The trial court entered an order denying attorney’s fees on October 10, 1996. The Defendants below now appeal that order. For the following reasons, we reverse.
The Plaintiffs below urge this court to adopt the construction of Florida’s Offer of Judgment statute applied by the First District Court of Appeal in MX Investments, Inc. v. Crawford, 683 So.2d 584 (Fla. 1st DCA 1996). The plaintiff in that ease took a voluntary dismissal and the defendant sought attorney’s fees pursuant to section 768.79 of the Florida Statutes. The relevant portion of the statute states:
(6) Upon motion made by the offeror within 30 days after the entry of judgment or after voluntary or involuntary dismissal, the court shall determine the following:
(a) If a defendant serves an offer which is not accepted by the plaintiff, and if the judgment obtained by the plaintiff is at least 25 percent less than the amount of the offer, the defendant shall be awarded reasonable costs, including investigative expenses, and attorney’s fees, calculated in accordance with the guidelines promulgated by the Supreme Court, incurred from the date the offer was served, and the *1278 court shall set off such costs in attorney’s fees against the award. When such costs and attorney’s fees total more than the amount of the judgment, the court shall enter judgment for the defendant against the plaintiff for the amount of the costs and fees, less the amount of the award to the plaintiff.
§ 768.79(6)(a), Fla. Stat. (1995). The MX Investments court ruled that the statute requires the entry of a judgment before fees can be awarded. “Actual entitlement to fees under the amended statute still requires the entry of a judgment.” 688 So.2d at 586 (citations omitted). We, however, do not agree with this reading of the statute.
We are persuaded instead by the construction urged by the Defendant below and the reasoning contained in the cases of Special’s Trading Co. v. International Consumer Corp., 679 So.2d 369 (Fla. 4th DCA 1996), and Tangerine Bay Co. v. Derby Road Investments, 664 So.2d 1045 (Fla. 2d DCA 1995). Both opinions give meaning to subsection (6) of the statute which provides, in part, “Upon motion made by the offeror within 30 days after the entry of judgment or after voluntary or involuntary dismissal, the court shall determine the following ...” § 768.79(6), Fla. Stat. (1995)(emphasis added). With regard to subsection (6), the Special’s Trading court states:
Under the remainder of the statutory text, entitlement is tied to the amount of the judgment obtained. To deny attorney’s fees, however, to the offeror when the offeree voluntarily dismisses his claim, when no judgment has been entered, would make the adoption of the highlighted text [“after voluntary or involuntary dismissal”] futile.
We are not authorized to construe statutes in a way that makes their text meaningless. We reject the notion that the absence of a judgment when there has been a voluntary dismissal precludes any entitlement to fees under this section.
679 So.2d at 370 (citations omitted). This court also refuses to construe statutory provisions in such a way that portions of the text are rendered meaningless. For that reason, we hold that the entry of a judgment is not required in order for a trial court to award attorney’s fees pursuant to section 768.79 of the Florida Statutes where a plaintiffs claim is involuntarily dismissed. Therefore, the order denying attorney’s fees to the Defendants below is reversed. We remand for a determination of the reasonable amount of attorney’s fees to which the Defendants below are entitled by virtue of this opinion.
Reversed.

. That order was affirmed by this court on March 19, 1997. See Wilson v. Satellite Mike, Inc., 691 So.2d 1110 (Fla. 3d DCA 1997).