GROSS, J.
Advanced Chiropractic and Rehabilitation Center Corporation has filed a second-tier petition for writ of certiorari directed at a decision of the appellate division of the circuit court. The circuit court reversed county court final orders on an issue that was neither preserved in the county court nor raised in the appellant’s brief on appeal. Because this amounts to a denial of due process, we grant the writ, quash the appellate decision of the circuit court, and remand for reinstatement of the county court orders.
In the county court action, Advanced sued respondent United Automobile Insurance Company for PIP benefits. The case settled for $4,128 and $1,980 in prejudgment interest. When Advanced moved for attorney’s fees, a dispute arose over whether Advanced knew about an order of dismissal. Advanced filed a motion under Florida Rule of Civil Procedure 1.540(b) to vacate the order of dismissal, supported by affidavits. The court held a hearing. Advanced’s lawyer told the court what happened. An employee of the clerk’s office described the state of the court file and the practice of the clerk’s office regarding address changes. Neither witness was sworn. The matters discussed by the witnesses were not disputed by the parties at the hearing. Advanced offered the affidavit of a legal assistant. The county court judge examined the court file. United raised no evidentiary objections; United raised no objection to the informal way that the county court conducted the hearing. The county court granted the rule 1.540(b) motion, vacated the order of dismissal, and, later, awarded Advanced attorney’s fees and costs.
United appealed to the circuit court. In its brief, United argued two errors — that the county court abused its discretion in finding (1) that the motion for attorney’s fees was timely and (2) excusable neglect sufficient to support rule 1.540(b) relief.
The one-judge appellate panel of the circuit court reversed the county court order on grounds different from those raised by United in its brief. The court explained that the lawyer and the clerk’s employee had not been placed under oath at the hearing and that a document had been introduced into evidence without any sworn affidavit or testimony. Without competent record evidence, the circuit court held that the county court had abused its discretion in granting rule 1.540(b) relief.
Second-tier certiorari is not a second appeal; it is extraordinarily limited, and narrow in scope. See Custer Med. Ctr. v. United Auto. Ins. Co., 62 So.3d 1086, 1093-94 (Fla.2010); see also Achord v. Osceola Farms Co., 52 So.3d 699 (Fla. 4th DCA 2010). Review is limited to whether the circuit court afforded procedural due process and whether it applied the correct law, or stated another way, whether the court departed from a clearly established principle of law. Custer, 62 So.3d at 1092. To be a departure from a clearly established principle of law, the error must be so serious that it results in a miscarriage of justice. Id. at 1093. Ordinary legal errors, or application of the correct law incorrectly under the facts, are not sufficient grounds for a district court to grant second-tier certiorari. Id. Circuit courts are intended to have final appellate jurisdiction over county court cases.
An appellate court’s reversal based on an unpreserved error, on a *869 ground not argued in a brief, amounts to a denial of due process, which is a departure from a clearly established principle of law. To properly preserve an issue for appellate review, a litigant must make a timely, specific, contemporaneous objection. See § 90.104(1), Fla. Stat. (2010); State v. Calvert, 15 So.3d 946, 948 (Fla. 4th DCA 2009). As a general rule, “[a]n error not raised in the brief is waived.” Ramos v. Philip Morris Cos., 743 So.2d 24, 29 (Fla. 3d DCA 1999) (citing Chaachou v. Chaachou, 135 So.2d 206, 221 (Fla.1961); Lesperance v. Lesperance, 257 So.2d 66, 67 (Fla. 3d DCA 1971)). Here, United waived the evidentiary deficiencies relied upon by the circuit court to reverse by not raising objections at the hearing on the rule 1.540 motion. Also, United did not rely on those purported errors as a basis for reversal in its appellate brief in the circuit court. This is a case of “double waiver.”
In this court, United attempts to fit this case into the exception to the contemporaneous objection rule by characterizing the error as a fundamental one of subject matter jurisdiction. See § 90.104(3), Fla. Stat. (2010). “Subject matter jurisdiction ‘concerns the power of the trial court to deal with a class of cases to which a particular case belongs.’ ” MCR Funding v. CMG Funding Corp., 771 So.2d 32, 35 (Fla. 4th DCA 2000) (citations omitted) (quoting Cunningham v. Standard Guar. Ins. Co., 630 So.2d 179, 181 (Fla.1994)). The county court had the power to consider the rule 1.540 motion. The sufficiency of the evidence to support a rule 1.540 motion is not a question of subject matter jurisdiction. The party opposing the motion may waive evidentiary deficiencies by failing to object.
We note that the circuit court could not have reversed based upon the tipsy coachman doctrine. That doctrine permits an appellate court to affirm a trial court’s decision on a ground other than that raised below, and argued on appeal, where there is “support for the alternative theory or principle of law in the record before the trial court.” Robertson v. State, 829 So.2d 901, 906-07 (Fla.2002). Therefore, “if a trial court reaches the right result, but for the wrong reasons, it will be upheld if there is any basis which would support the judgment in the record.” Dade Cnty. Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644 (Fla.1999). The tipsy coachman doctrine does not permit a reviewing court to reverse on an unpreserved and unargued basis. See State v. Baez, 894 So.2d 115, 121 (Fla.2004) (Pariente, C.J., dissenting).

Petition for writ of certiorari granted.

WARNER and LEVINE, JJ., concur.