ON MOTION FOR REHEARING OF ORDER DENYING ATTORNEY’S FEES

PER CURIAM.
We grant the motion for rehearing of our order denying attorney’s fees and withdraw our October 8, 2012 order. In so doing, we hold that in an original proceeding governed by Florida Rule of Appellate Procedure 9.100, a request for attorney’s fees must be included in the petition, response, or reply. As such, petitioner’s motion for fees in this case was untimely.
Advanced Chiropractic and Rehabilitation Center Corporation filed a second-tier petition for writ of certiorari in this court. On September 12, 2012, this court granted the petition with a written opinion. See Advanced Chiropractic & Rehab. Ctr. Corp. v. United Auto. Ins. Co., 103 So.3d 866 (Fla. 4th DCA 2012). Three days later, Advanced moved for appellate attorney’s fees. However, since Advanced’s petition and reply did not seek attorney’s fees for the proceeding in this court, we denied the motion as untimely, citing to cases that relied on Florida Rule of Appellate Procedure 9.400(b).
In its motion for rehearing, Advanced argues that Rule 9.400(b) applies to “a standard appeal with respect to a series of briefs” but not to an extraordinary writ proceeding governed by Rule 9.100. Advanced correctly observes that the plain language of Rule 9.400(b) speaks of service of a motion for attorney’s fees “not later than the time for service of the reply brief.” A “reply brief,” however, does not come into play in a proceeding governed by Rule 9.100; that appellate rule calls for a “petition,” a “response,” and a “reply.” Thus, the time limitations of rule 9.400(b) *871 do not appear to apply to a Rule 9.100 proceeding.
Nothing in the appellate rules sets forth the procedure for requesting attorney’s fees in a Rule 9.100 proceeding. In the absence of any guidance in the rules, the pleading requirement for attorney’s fees is controlled by Stockman v. Downs, 573 So.2d 835, 837 (Fla.1991), where the Supreme Court observed that the “fundamental concern is one of notice” and held that a claim for attorneys’ fees “must be pled.” In this context, the phrase “must be pled” means that the request for fees must be contained in a “pleading” in accord with Florida Rule of Civil Procedure 1.100(a), such that a complaint, answer, and counterclaim are “pleadings,” but a motion is not. See Green v. Sun Harbor Homeowners’ Ass’n, 730 So.2d 1261, 1263 (Fla.1998).
Consistent with the notice principles central to Stockman and Green, the “pleadings” in a rule 9.100 proceeding are the petition, response, and reply, and a request for attorney’s fees must be included in one of them. Advanced did not advance its request for attorney’s fees in its petition or reply. Since the request came after the petition was granted, its motion for attorney’s fees was untimely. Therefore, Advanced’s motion for attorney’s fees is denied.
WARNER, GROSS and LEVINE, JJ„ concur.