# Supreme Court of Florida

_____

No. SC13-153

_____

**ADVANCED CHIROPRACTIC AND REHABILITATION CENTER, CORPORATION, etc.,**
Petitioner,

vs.

**UNITED AUTOMOBILE INSURANCE COMPANY,**
Respondent.

[May 29, 2014]

LEWIS, J.

Advanced Chiropractic and Rehabilitation Center, Corporation (Advanced) seeks review of the decision of the Fourth District Court of Appeal in Advanced Chiropractic and Rehabilitation Center, Corp. v. United Automobile Insurance Co., 103 So. 3d 869 (Fla. 4th DCA 2012) (Advanced II), on the basis that it expressly and directly conflicts with the decisions of this Court in Stockman v. Downs, 573 So. 2d 835 (Fla. 1991), and Green v. Sun Harbor Homeowners' Ass'n, Inc., 730 So. 2d 1261 (Fla. 1998). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.

## FACTS

This case originated in the Broward county court with an action filed by Advanced against United Automobile Insurance Company (UAIC) for Personal Injury Protection (PIP) benefits. During the pendency of the action, the attorney for Advanced moved offices and filed a change of address with the Clerk of Court. Approximately two months later, Advanced and UAIC entered into a settlement agreement in which UAIC agreed to pay the attorney's fees incurred by Advanced. The following day, Advanced notified the county court judge that the hearing on its motion for summary judgment should be cancelled because the parties had settled the case. Therefore, the trial court proceeded to simply enter an order of dismissal with prejudice.

The order of dismissal was mailed to the address of record for both parties. However, the attorney for Advanced never received the order of dismissal because the Clerk of Court had not updated its records after the attorney for Advanced had filed his change of address before the entry of the dismissal. It was not until months after the order of dismissal had been entered that counsel for Advanced filed a motion for attorney's fees, which was at the time he learned of the dismissal order. He then moved to vacate the order of dismissal based on excusable neglect so that he could file his motion for attorney's fees in the case. The trial court held a hearing on the motion to vacate, during which the attorney for Advanced and an

employee of the Clerk of Court provided and filed statements with respect to what had occurred. The statements were unsworn but UAIC did not object to the statements being unsworn or present any claims or arguments related to that status. The attorney for Advanced stated that he had properly filed a change of address with the Clerk of Court before the order of dismissal had been mailed to the parties but the office of the Clerk of Court had not updated its address records before the order of dismissal had been mailed. The attorney also submitted an exhibit certified by the office of the Clerk of Court which demonstrated that his address was last updated only after the date on which the order of dismissal had been mailed. As a result, the county court found that Advanced had established excusable neglect, vacated the order of dismissal, and allowed Advanced to file a motion for attorney's fees.

UAIC appealed the order which vacated the order of dismissal to the circuit court, contending that the attorney for Advanced did not establish excusable neglect and that, as a result, he missed the thirty-day deadline in which a party may file a motion for attorney's fees after final judgment is rendered. Again, UAIC did not present any claims or arguments based on the status of the statements being unsworn. Despite this fact, the circuit court held on appeal that because the statements were unsworn, there was no sufficient record evidence to support the finding of the trial court that the office of the Clerk of Court had failed to timely

update its address records.  Thus, the circuit court determined that the only record evidence properly before it was that the attorney for Advanced did not receive the order of dismissal, which, standing alone, was insufficient to establish excusable neglect.  Accordingly, the circuit court reversed the order which had vacated the initial dismissal and reinstated the order of dismissal.

Advanced filed a petition for common law certiorari in the Fourth District Court of Appeal.  Advanced asserted that the circuit court had departed from the essential requirements of law because it failed to apply the correct legal standard and substituted its own judgment for that of the county court.  Advanced did not request attorney's fees for the writ proceeding in its petition or reply, or by a motion filed prior to the resolution of the merits.  The Fourth District concluded that the decision of the circuit court was based upon an unpreserved evidentiary issue not properly presented by UAIC, and that this amounted to a denial of due process.  See Advanced Chiropractic & Rehab. Ctr. v. United Auto. Ins. Co., 103 So. 3d 866, 868-69 (Fla. 4th DCA 2012) (Advanced I).  Thus, the district court granted the petition, and quashed the decision of the circuit court.  Id. at 869.

Six days after the district court granted the petition, Advanced filed a motion for attorney's fees[1] pursuant to section 627.428(1), Florida Statutes, in the district

_____

1. Although the Fourth District's opinion states that the motion for attorney's fees was filed three days after the court granted the petition, the record

- 4 -

court.[2]  UAIC opposed the motion for attorney's fees on the basis that it was untimely under rule 9.400(b) of the Florida Rules of Appellate Procedure, which requires that a motion for attorney's fees be filed no later than the time for service of the reply brief.  On rehearing, the Fourth District held that the plain language of rule 9.400(b) demonstrates that it does not apply to rule 9.100 original proceedings, but nonetheless denied the motion for attorney's fees on the basis of this Court's holding in Stockman, 573 So. 2d 835, which requires parties to plead entitlement to attorney's fees.  See Advanced II, 103 So. 3d at 871.  The Fourth District then explained that the term "pleading" as used in Stockman includes only complaints, answers, and counterclaims, and not motions.  Id. (citing Green, 730 So. 2d at 1263).  Accordingly, the district court held that in a rule 9.100 proceeding, the pleadings are the petition, response, and reply.  Id.  Thus, because Advanced did

reflects that the opinion granting the petition is dated September 12, 2012, and the motion for attorney's fees is dated September 18, 2012.

2.  Section 627.428(1) provides:

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

§ 627.428(1), Fla. Stat. (2012).

not request fees in the petition or reply, the district court held that the motion was untimely. This review followed.

## ANALYSIS

### Standard of Review

This case concerns an interpretation of the Florida Rules of Appellate Procedure. Interpretation of procedural rules presents a pure question of law, which we review de novo. See Pino v. Bank of N.Y., 121 So. 3d 23, 30-31 (Fla. 2013).

### Applicability of Appellate Rule 9.400(b)

Before we address whether the decision below is in conflict with Stockman and Green, we must first determine whether the Fourth District correctly held that Florida Rule of Appellate Procedure 9.400(b) does not apply to motions for attorney's fees filed in rule 9.100 original proceedings.

There is a clear discrepancy between the language of rule 9.400(b) and rule 9.100. Rule 9.400(b) states "a motion for attorneys' fees may be served not later than the time for service of the reply brief and shall state the grounds on which recovery is sought. . . ." Fla. R. App. P. 9.400(b). However, rule 9.100 requires a party to file a petition, and, if the court issues an order to show cause, the respondent is ordered to file a response to the petition. Fla. R. App. P. 9.100(h), (j). The petitioner may then file a reply. Fla. R. App. P. 9.100(k). The parties to a

rule 9.100 proceeding may not file briefs.  See Fla. R. App. P. 9.100, Comm. Notes (noting that "[t]his rule does not allow the petitioner to file a brief" and that "[a] single responsive pleading (without a brief) may . . . be served") (emphasis supplied).

Further examination of the appellate rules reveals additional incongruities between the terminology used in rule 9.400(b) and rule 9.100.  Rule 9.400(b) contemplates that an initial brief, an answer brief, and a reply brief will be filed, whereas rule 9.100 requires the parties to file a petition, response, and reply.  Rule 9.210 governs the preparation, content, and timing for all briefs filed pursuant to the appellate rules.  Rule 9.100 contains its own separate rules with regard to the pleadings to be filed in original proceedings.  While the rules that delineate the contents of an initial brief and a petition are the same, the requirements of an answer brief and a response to an original petition are stated differently, and the requirements of a reply brief and a reply are also stated differently.  With regard to an answer brief, rule 9.210(c) states:

> The answer brief shall be prepared in the same manner as the initial brief; provided that the statement of the case and of the facts may be omitted.  If a cross-appeal has been filed, the answer brief shall include the issues in the cross-appeal that are presented for review, and argument in support of those issues.

Fla. R. App. P. 9.210(c).  However, with regard to a response to a petition, rule 9.100(j) states, "[w]ithin the time set by the court, the respondent may serve a

response, which shall not exceed 50 pages in length and which shall include argument in support of the response, appropriate citations of authority, and references to the appropriate pages of the supporting appendices." Fla. R. App. P. 9.100(j). Additionally, the provisions that relate to a reply brief and a reply in a rule 9.100 original proceeding are dissimilar. Rule 9.210(d) states that "a reply brief shall contain argument in response and rebuttal to argument presented in the answer brief." However, rule 9.100(k) states "[w]ithin 20 days thereafter or such other time set by the court, the petitioner may serve a reply, which shall not exceed 15 pages in length, and supplemental appendix." In short, the pleadings for appeals and original proceedings are named differently, explained differently, and located in different rules—these are separate and distinct types of proceedings. Rule 9.400(b) does not reference the terminology used in rule 9.100, and therefore by its terms does not address the procedure to request attorney's fees in rule 9.100 proceedings.

Moreover, rule 9.400(b) does not accommodate the different framework that is inherent in rule 9.100 original proceedings. Under rule 9.100, parties may not respond to the petition unless the appellate court issues an order to show cause. See Fla. R. App. P. 9.100(h). If no order to show cause is issued, it is unclear when parties would be required to request attorney's fees under rule 9.400(b). This further demonstrates that rule 9.400(b) does not contemplate or encompass the

procedure through which parties to rule 9.100 original proceedings may request fees.

It is apparent from these incongruities that rule 9.400(b) does not and was not intended to apply to rule 9.100 original proceedings. Accordingly, we agree with the Fourth District that rule 9.400(b) does not govern the time or method by which a party to a rule 9.100 original proceeding must request attorney's fees.

## Conflict

Because we agree with the Fourth District that rule 9.400(b) does not govern the time limitations for filing a motion for attorney's fees in original proceedings, we must consider whether the Fourth District misapplied the decisions in Stockman and Green. Misapplication occurs when a court relies on a decision that involves a situation materially at variance with the one under review. See Gibson v. Avis Rent-A-Car Sys., Inc., 386 So. 2d 520, 521 (Fla. 1980). In the decision below, the Fourth District held that pursuant to the notice principles articulated in Stockman and Green, a request for attorney's fees in a rule 9.100 original proceeding must be made in the pleadings, and pleadings consist of the petition, the response, or the reply. Advanced II, 103 So. 3d at 871.

In Stockman, this Court addressed whether a prevailing party could raise entitlement to attorney's fees under a contractual provision for the first time by

- 9 -

motion after trial. 573 So. 2d at 836. The prevailing party in Stockman did not plead an entitlement to attorney's fees in the answer, but filed a postjudgment motion. Id. The trial court denied the motion based on this factor. Id. The prevailing party appealed to the Fourth District, which reversed the trial court and held that it was not inappropriate to present a claim for attorney's fees after judgment because such a claim is collateral to and independent of the subject matter of the litigation, and because the prevailing party could not be known until judgment is rendered. Id. at 387. However, this Court quashed the decision of the Fourth District, and held that although entitlement to attorney's fees must be adjudicated after resolution of other claims, a claim for attorney's fees based upon a contract or statute is waived unless it is made in the pleadings. Id. at 837-38. The Court explained that the fundamental concern with regard to requests for attorney's fees is notice, and whether a party claims entitlement to attorney's fees may affect the opposing party's decisions with respect to the case, such as whether to pursue a claim, dismiss it, or settle. Id. at 837.

The Court later construed Stockman in Green. At issue was whether the defendant waived a claim for attorney's fees by failing to include it in his motion to dismiss. 730 So. 2d at 1261. The plaintiff in Green agreed to dismiss the action before the defendant was required to answer. Id. at 1262. Two weeks after the dismissal, the defendant moved for attorney's fees under a contractual provision,

but the trial court denied the motion as untimely under <u>Stockman</u>. <u>Id.</u> This Court ultimately held that when a case is dismissed before the defendant is required to answer, the defendant may file a motion for attorney's fees within thirty days of dismissal of the action. <u>Id.</u> at 1263. The Court clarified that the term "pleadings" as used in <u>Stockman</u> should be strictly construed in accordance with Florida Rule of Civil Procedure 1.100(a), and consists of complaints, answers, and counterclaims. <u>Id.</u> at 1263. Because a motion to dismiss is not a pleading under the rules and the defendant had never filed an answer (i.e., a pleading) prior to the dismissal, the Court concluded that the defendant had not waived his claim for attorney's fees. <u>Id.</u>

We find it significant that <u>Stockman</u> and <u>Green</u> both involved requests for attorney's fees <u>at the trial level</u>. Moreover, in <u>Green</u>, this Court specifically limited the <u>Stockman</u> pleading requirement to pleadings filed under the rules of <u>civil</u> procedure. Original writs filed pursuant to Florida Rule of Appellate Procedure 9.100 are not governed by the rules of civil procedure; rather, they are governed by the rules of appellate procedure. The civil rules and the appellate rules address procedures that are specific to those respective proceedings. <u>See</u> Fla. R. Civ. P. 1.630 Court Commentary ("Experience has shown that Rule 9.100 is not designed for use in trial court. The times for proceeding, the methods of

proceeding, and the general nature of the procedure is appellate and presumes that the proceeding is basically an appellate proceeding.").

We also note that the primary concern in <u>Stockman</u> and <u>Green</u>—lack of notice—is not implicated in this case. UAIC was on notice that Advanced was claiming entitlement to attorney's fees because Advanced requested attorney's fees in the county court and in the circuit court. Accordingly, UAIC could not contend it was unfairly surprised when Advanced again claimed entitlement to attorney's fees for the writ proceeding in the district court.

Based on the foregoing, we conclude that the Fourth District misapplied <u>Stockman</u> and <u>Green</u>—cases that address requests for attorney's fees at the trial level—to a situation materially at variance with the one under review—a request for appellate-level original writ attorney's fees.

## Attorney's Fees in Rule 9.100 Proceedings

We next address the procedure for requesting attorney's fees in rule 9.100 original proceedings. Advanced asserts that pursuant to section 627.428, Florida Statutes, entitlement to attorney's fees arises only after the rendition of a judgment or decree against an insurer and in favor of an insured or beneficiary under a contract. Therefore, Advanced contends that it was not required to move for attorney's fees until the occurrence of that event. Advanced relies on <u>Ganz v. HZJ, Inc.</u>, 605 So. 2d 871 (Fla. 1992), and <u>Tampa Letter Carriers, Inc. v. Mack</u>, 649 So.

2d 890 (Fla. 2d DCA 1995), for the proposition that under certain fee-shifting provisions, a party cannot in good faith request fees until the occurrence of a specific event.

In Ganz, this Court held that a party was not required to plead a claim for attorney's fees under section 57.105(1), Florida Statutes (1991), which allows fees to be awarded to the prevailing party if the claims or defenses of the opposing party were not supported by law or fact. 605 So. 2d at 872. This Court held that because claims could not be designated as frivolous until the conclusion of the case, a request for fees under this statute could not be pled in good faith. Id. (quoting Autorico, Inc. v. Gov't Emp. Ins. Co., 398 So. 2d 485, 487-88 (Fla. 3d DCA 1981)). Therefore, the Court held that fee requests pursuant to section 57.105 should be made by motion after termination of the case.[3] Similarly, in Tampa Letter Carriers, the Second District applied the reasoning of Ganz to hold that a party may move for attorney's fees under section 768.79, Florida Statutes (1993), after the action is dismissed, despite the failure to plead entitlement to such

_____

3. We note that since the decision in Ganz, section 57.105 has been amended to provide that a claim for attorney's fees is to be served by motion after the opposing party is provided twenty-one days to correct or withdraw the allegedly frivolous claim or defense. See § 57.105(4), Fla. Stat. (2012); Walker v. Cash Register Auto. Ins. of Leon Cnty., 946 So. 2d 66, 70-71 (Fla. 1st DCA 2006).

fees. 649 So. 2d at 891.[4] The district court noted the statute specifically provided that requests for attorney's fees under section 768.79 be made by motion after judgment. Id.

Both Ganz and Tampa Letter Carriers involved requests for attorney's fees incurred during trial-level proceedings. Therefore we conclude that, like Stockman and Green, these cases are inapplicable to the request for fees here. Further, we conclude that the rationale in Ganz and Tampa Letter Carriers is inapplicable to the instant case. In those cases, this Court and the Second District distinguished between statutes that provide entitlement to fees because of the inherent nature of the underlying claim or defense, and statutes that provide entitlement to fees based on some event that occurred during the cause of action. See Cooper v. Marriott Intern., Inc., 16 So. 3d 156, 159 (Fla. 4th DCA 2009) ("[T]he supreme court and the Second District have created exceptions to Stockman where the entitlement to fees and costs arose during the suit based upon some event which is supplemental to the underlying action."). Section 627.428, under which Advanced claims entitlement to attorney's fees, entitles an insured to attorney's fees should the insured prevail against the insurer in an action to enforce the contract. The basis for entitlement to fees is therefore known from the outset.

---

4. Section 768.79 entitles a party to attorney's fees if the opposing party rejected a settlement offer that was within twenty-five percent of the judgment.

- 14 -

Because neither rule 9.400(b) nor precedent establishes a procedure to request attorney's fees in a rule 9.100 original proceeding, we hold that rule 9.300, which governs appellate motions, controls. Rule 9.300 states: "Unless otherwise prescribed by these rules, an application for an order or other relief available under these rules shall be made by filing a motion therefor." The rule does not specify any time period in which motions must be filed. Rather, motions simply must be timely to provide the relief sought. See 2 Fla. Prac., Appellate Practice § 13:2 (2013) ("Many motions that may be filed in an appellate court are not governed by a fixed time limit, but these motions must still be submitted in a timely fashion. It may be too late to obtain the relief requested."). Applying this rule, we hold that the motion for attorney's fees filed by Advanced six days after the district court granted the petition for writ of certiorari was timely. Through the motion, Advanced, as the prevailing party, requested an award of fees incurred as a result of the writ proceeding. Accordingly, the amount of attorney's fees to be awarded in such circumstances is appropriately decided after resolution of the merits of a cause of action. Judges of Eleventh Judicial Circuit In and For Dade Cnty. v. Janovitz, 635 So. 2d 19, 20 (Fla. 1994).

## CONCLUSION

Based on the foregoing, we hold that Florida Rule of Appellate Procedure 9.400(b) does not apply to attorney's fees requests filed in rule 9.100 original

- 15 -

proceedings. Instead, such requests are governed by rule 9.300. Consequently, we quash the decision below to the extent it holds that, pursuant to Stockman and Green, a request for attorney's fees in rule 9.100 original proceedings must be made in the petition, a response, or a reply. Accordingly, we remand to the district court for a determination of the amount of attorney's fees to which Advanced is entitled pursuant to section 627.428, Florida Statutes.

It is so ordered.

PARIENTE, QUINCE, LABARGA, and PERRY, JJ., concur.
POLSTON, C.J., dissents with an opinion, in which CANADY, J., concurs.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.


POLSTON, C.J., dissenting.

I would discharge jurisdiction because the Fourth District's decision in Advanced Chiropractic and Rehabilitation Center, Corp. v. United Automobile Insurance Co., 103 So. 3d 869 (Fla. 4th DCA 2012), does not expressly and directly conflict with our decision in Stockman v. Downs, 573 So. 2d 835 (Fla. 1991), or Green v. Sun Harbor Homeowners' Ass'n, Inc., 730 So. 2d 1261 (Fla. 1998).

The Florida Constitution limits this Court's express and direct conflict jurisdiction to a situation where a district court's decision "expressly and directly conflicts with a decision of another district court of appeal or of the supreme court

- 16 -

on the same question of law." Art. V, § 3(b)(3), Fla. Const. (emphasis added). The required conflict does not exist here because the Fourth District's decision in Advanced Chiropractic addresses a question of law that is entirely different from the questions of law we addressed in Stockman and Green.

In Advanced Chiropractic, 103 So. 3d at 870, the Fourth District addressed whether "in an original proceeding governed by Florida Rule of Appellate Procedure 9.100, a request for attorney's fees must be included in the petition, response, or reply." In contrast, both Stockman and Green were trial-level attorney's fees cases that had nothing to do with the procedure for requesting attorney's fees in an original proceeding governed by the appellate rules of procedure. Specifically, Stockman, 573 So. 2d at 836, addressed the following question of law: "May a prevailing party recover attorney's fees authorized in a statute or contract by a motion filed within a reasonable time after entry of a final judgment, which motion raises the issue of that party's entitlement to attorney's fees for the first time?" And Green, 730 So. 2d at 1261, addressed the altogether different legal question of "whether a defendant must raise a claim for attorney fees prior to dismissal of the plaintiff's complaint when the time period to answer the complaint has not yet matured."

CANADY, J., concurs.

- 17 -

Application for Review of the Decision of the District Court of Appeal – Direct Conflict of Decisions

Fourth District - Case No. 4D11-4801

(Broward County)

Jennifer Suzanne Carroll of the Law Offices of Jennifer S. Carroll, P.A., Palm Beach Gardens, Florida,

for Petitioner

Michael J. Neimand, General Counsel, United Automobile Insurance Company, Trial Division, Miami, Florida,

for Respondent