POLSTON, C.J.,
dissenting.
I would discharge jurisdiction because the Fourth District’s decision in Advanced Chiropractic and Rehabilitation Center, Corp. v. United Automobile Insurance Co., 103 So.3d 869 (Fla. 4th DCA 2012), does not expressly and directly conflict with our decision in Stockman v. Downs, 573 So.2d 835 (Fla.1991), or Green v. Sun Harbor Homeowners’ Ass’n, Inc., 730 So.2d 1261 (Fla.1998).
The Florida Constitution limits this Court’s express and direct conflict jurisdiction to a situation where a district court’s decision “expressly and directly conflicts with a decision of another district court of appeal or of the supreme court on the same question of law.” Art. V, § 3(b)(3), Fla. Const, (emphasis added). The required conflict does not exist here because the Fourth District’s decision in Advanced Chiropractic addresses a question of law that is entirely different from the questions of law we addressed in Stockman and Green.
In Advanced Chiropractic, 103 So.3d at 870, the Fourth District addressed whether “in an original proceeding governed by Florida Rule of Appellate Procedure 9.100, a request for attorney’s fees must be included in the petition, response, or reply.” In contrast, both Stockman and Green were trial-level attorney’s fees cases that had nothing to do with the procedure for requesting attorney’s fees in an original proceeding governed by the appellate rules of procedure. Specifically, Stockman, 573 So.2d at 836, addressed the following question of law: “May a prevailing party recover attorney’s fees authorized in a statute or contract by a motion filed within a reasonable time after entry of a final judgment, which motion raises the issue of that party’s entitlement to attorney’s fees for the first time?” And Green, 730 So.2d at 1261, addressed the altogether different legal question of “whether a defendant must raise a claim for attorney fees prior to dismissal of the plaintiffs complaint when the time period to answer the complaint has not yet matured.”
CANADY, J., concurs.