IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

USAA CASUALTY INSURANCE
COMPANY,

   Petitioner,

 v.              Case No.  5D15-2154

EMERGENCY PHYSICIANS OF
CENTRAL FLORIDA, ETC.,

   Respondent.

_____/

Opinion filed June 17, 2016

Petition for Certiorari Review of Decision
from the Circuit Court for Orange County
Acting in its Appellate Capacity.

Douglas H. Stein, of Seipp, Flick & Hosley,
LLP, Coral Gables, for Petitioner.

Chad A. Barr, of Law Office of Chad A. Barr,
P.A., Maitland, for Respondent.


EDWARDS, J.

  Petitioner, USAA Casualty Insurance Company ("USAA"), asks us to determine

whether a confession of judgment occurred when USAA allegedly mailed overdue

Personal Injury Protection ("PIP") payments before the day suit was filed, which were

received after Respondent, Emergency Physicians of Central Florida, filed suit against

USAA to collect the overdue PIP benefits.  USAA has already paid the PIP benefits but

seeks to avoid responsibility for Respondent's reasonable attorney's fees and costs. We deny USAA's petition for certiorari.

This court has jurisdiction to review the matter pursuant to Florida Rule of Appellate Procedure 9.030(b)(2)(B), which provides that district courts of appeal have certiorari jurisdiction to review "final orders of circuit courts acting in their review capacity." "Second-tier certiorari is not a second appeal; it is extraordinarily limited, and narrow in scope." *Advanced Chiropractic & Rehab. Ctr., Corp. v. United Auto. Ins. Co.*, 103 So. 3d 866, 869 (Fla. 4th DCA 2012) (citations omitted). "Ordinary legal errors, or application of the correct law incorrectly under the facts, are not sufficient grounds for a district court to grant second-tier certiorari." *Id.* at 868. Second-tier certiorari review should only be exercised when "there has been a violation of a clearly established principle of law resulting in the miscarriage of justice." *Wekiva Springs Reserve Homeowners v. Binns,* 61 So. 3d 1190, 1191 (Fla. 5th DCA 2011) (quoting *Custer Med. Ctr. v. United Auto. Ins. Co.*, 62 So. 3d 1086, 1092 (Fla. 2010)). "The departure from the essential requirements of the law necessary for granting a writ of certiorari is something more than a simple legal error." *Custer Med. Ctr.*, 62 So. 3d at 1092. The exercise of this discretionary jurisdiction depends on the appellate court's "assessment of the gravity of the error and the adequacy of other relief." *Id.* (quoting *Haines City Cmty. Dev. v. Heggs*, 650 So. 2d 523, 531 n.14 (Fla. 1995)). USAA does not claim that it was denied procedural due process; therefore, we will consider only whether the circuit court, acting in its appellate capacity, violated clearly established principles of law resulting in a miscarriage of justice.

Respondent submitted a PIP claim for payment to USAA for services it rendered to USAA's insured. USAA did not initially pay the claim, nor did it pay the claim within

2

thirty days of Respondent's later statutory demand letter. USAA ultimately paid the benefits, including statutorily-imposed interest and a penalty, with two separate checks prepared on two different days.[1] Respondent sued USAA in county court seeking payment for the allegedly past due payment. USAA did not give Respondent advance notice that it was making these payments; Respondent learned of the payments upon receipt.

USAA answered Respondent's complaint, asserting certain affirmative defenses, then moved for summary judgment claiming that it fully paid Respondent. USAA filed a second motion for summary judgment, asserting that Respondent lacked standing to sue USAA because Respondent arguably received only an assignment of benefits and not a specific assignment of the insured's right to pursue legal action. Respondent moved for entry of judgment on the ground that an insurance company confesses judgment when it pays the disputed claim or benefits after suit is filed. *See Tampa Chiropractic Ctr., Inc. v. State Farm Mut. Auto. Ins. Co.*, 141 So. 3d 1256, 1259 (Fla. 5th DCA 2014); *Wollard v. Lloyd's and Cos. of Lloyd's*, 439 So. 2d 217, 218 (Fla. 1983). If USAA's payment amounted to a confession of judgment, it would have to pay Respondent's reasonable attorney's fees and costs.

There were three hearings on the parties' competing motions. At the first hearing, USAA's counsel advised that he had recently taken over the file and needed additional time to prepare. He also asked the court to continue any hearing on Respondent's motion

---

[1] Section 627.736(10)(d), Florida Statutes (2012), provides that an insurer can avoid a lawsuit on an overdue PIP claim by issuing payment within 30 days after receipt of the claimant's pre-suit demand letter, together with applicable interest, and a 10% penalty.

regarding confession of judgment. During this first hearing, USAA stipulated that it made the payment of benefits after the suit was filed. After the court and counsel discussed the issues, the hearing was rescheduled for a later date. The court wanted to ensure that the parties had ample time to prepare and that there would be no surprises to either side. The court and the parties agreed that USAA's summary judgment motions did not require supplementation and, thus, were "frozen" by the court for argument at the next hearing. The court did, however, advise the parties that USAA could file a response to Respondent's confession of judgment motion within ten days and Respondent would have five days to reply. USAA did not file a response to Respondent's motion.

At the second hearing, USAA advised the court that it was mistaken when it stipulated that the payments were made after the filing of the suit. For the first time, USAA contended that the checks were prepared and sent before Respondent filed suit, thereby barring any possible application of the confession of judgment doctrine. Respondent claimed that it was surprised and would be unfairly prejudiced by this change in USAA's position. Respondent objected to USAA's request to withdraw its previous stipulation that payments were made after suit was filed. The county court ultimately concluded that USAA would not be permitted to withdraw its prior stipulation because it did not alert Respondent to the new issue by filing a response during the time period between the two hearings.

The county court held a third hearing on the motions. Shortly after the third hearing, the county court issued its written order, ruling in Respondent's favor. It found that Respondent had standing and that USAA had confessed judgment. The order stated, *inter alia*: "It is undisputed in the present matter that [USAA] made payment of policy

4

proceeds to [Respondent] after suit was filed." The county court ruled that Respondent was entitled to recover its reasonable attorney's fees and costs, in an amount to be determined later.

USAA appealed the county court decision and the circuit court affirmed through a written order. In its appeal to the circuit court and in its petition for certiorari to this Court, USAA argued that it made the payments before, not after, Respondent filed suit. USAA asserted that the first check was prepared four days before the suit was filed and received by Respondent on the day the suit was filed. It further contended that the second check was prepared the day before the suit was filed and sent either the day before or the same day that suit was filed, and received by Respondent three days after the suit was filed. USAA relies on section 672.736(4)(b)5, Florida Statutes (2012), for the proposition that for purposes of PIP benefits, a payment is deemed to have been made when it is correctly addressed and placed in the mailbox with the proper postage.

We find that USAA waived the argument that payment was made before the suit was filed on the basis of the date the payment was mailed rather than date it was received. USAA's initial stipulation, that payment was made after suit was filed, was never withdrawn. Although USAA attempted to withdraw the stipulation, the county court denied that relief. USAA did not seek review of that ruling when it appealed to the circuit court, thereby waiving any opportunity to effectively disavow the stipulation. *See Advanced Chiropractic,* 103 So. 3d at 869. Thus, the original stipulation controls, and USAA is estopped from arguing any different sequence of payment. Likewise, USAA's argument that PIP payments are deemed made when mailed, specifically relying upon section 627.736(4)(b)5., must be rejected as the argument was never presented to the county

5

court and was raised for the first time on appeal. *Id.* at 869; *see also Hoskins v. State*, 75 So. 3d 250, 257 (Fla. 2011).

We have carefully considered the parties' other arguments on the issues that are before us. We find that no miscarriage of justice occurred and the circuit court, acting in its appellate capacity, did not depart from clearly established principles of laws. Accordingly, USAA's petition for certiorari is denied.

PETITION DENIED.

SAWAYA and ORFINGER, JJ., concur.